### Missouri, Kansas & Texas Railway Company of Texas v. J. J. Gilbert and J. A. Coker.

Decided January 12, 1910.

**1.—Overflow—Charge—Evidence.**

Evidence considered in an action against a railway for causing damage to crops by overflow and held insufficient to warrant the giving a requested charge relieving defendant from responsibility if the damage was caused by plaintiffs.

**2.—Same.**

Requested charge on the effect of unprecedented rainfall upon the liability of a railway company for damage to crops by overflow, held to be covered by the instructions given so far as such issue was supported by evidence.

**3.—Overflow—Damages—Charge.**

Though the measure of damages to growing crops by causing same to be overflowed be the difference in their value immediately before and after the injury, no error appears in directing the jury to arrive at this difference by considering what the matured crop would have realized if not so injured and deducting the amount usually realized from it.

Appeal from the County Court of Williamson County. Tried below before Hon. T. J. Lawhon.

*Spell & Nickels,* for appellant.—On refusal of requested charge No. 2: Houston & G. N. Ry. Co. v. Parker, 50 Texas, 342; St. Louis & S. F. Ry. Co. v. Traweek, 84 Texas, 72; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 637; Martin v. Missouri Pac. Ry. Co., 3 Texas Civ. App., 133.

On refusal of requested charges on unprecedented rainfall: Houston & G. N. Ry. Co. v. Parker, 50 Texas, 345; Houston & T. C. Ry. Co. v. Fowler, 56 Texas, 452; International & G. N. R. Co. v. Holloren, 53 Texas, 46; Gulf, C. & S. F. Ry. Co. v. Pomeroy, 67 Texas, 498; Sabine & E. T. Ry. Co. v. Brousard, 69 Texas, 617; Gulf, C. & S. F. Ry. Co. v. Pool, 70 Texas, 713.

On measure of damages: Sabine & E. T. Ry. Co. v. Joachimi, 58 Texas, 460; Trinity & S. Ry. Co. v. Schofield, 72 Texas, 498; Texas & St. L. Ry. Co. v. Young, 60 Texas, 201; Texas & P. Ry. Co. v. Bayliss, 62 Texas, 571; Gulf, C. & S. F. Ry. Co. v. Holliday, 65 Texas, 521; Gulf, C. & S. F. Ry. Co. v. Nicholson, 25 S. W., 54; Jones v. George, 56 Texas, 149; Gulf, C. & S. F. Ry. Co. v. Pool, 70 Texas, 717.

*J. V. Morris*, for appellees.—On measure of damages: International & G. N. R. Co. v. Pape, 73 Texas, 501; Suderman-Dolson Co. v. Rogers, 47 Texas Civ. App., 67; City of Paris v. Tucker, 15 Texas Ct. Rep., 240; International & G. N. R. Co. v. Jackson, 47 Texas Civ. App., 26.

RICE, ASSOCIATE JUSTICE.—This was an action to recover damages, brought by appellees against appellant on account, first, of injuries to their growing. crops resulting from overflows, alleged to have been caused by failure on the part of appellant to provide sufficient culverts and sluiceways to carry off the surface water falling upon a certain tract of land adjoining the right of way, belonging to appellee Gilbert, which was being cultivated on shares for the years 1906 and 1907 by Coker, a tenant of Gilbert; and, second, to recover for damages caused by fire to a certain portion of the crop grown on said premises during the year 1907, which it is alleged was allowed to escape from a passing train of appellant, it being alleged that combustible material was allowed to accumulate on its right of way.

Appellant, after a general demurrer and general denial, specially alleged that the land in question was low and seepy, and that the injuries resulted on account thereof, and not from any act on its part; and further, that the injury, if any, was caused by the action of plaintiffs in erecting an embankment along the east boundary of said tract of land and near to and parallel with the right of way fence of appellant, eight or ten inches in height, and in throwing up turn-rows through said tract of land, which embankment and turn-rows interfered with the flow of the surface water thereover, and prevented the same from going upon the right of way of the defendant, and from being carried off. And further alleged that the sluices and culverts along the right of way of its railway were sufficient to carry off all surface water falling upon or coming upon the right of way, except that due to unusual and unprecedented floods and rains, and that the injury suffered by plaintiffs, if any, was due to such unusual and unprecedented floods. And denied that it had allowed combustible or inflammable material to accumulate upon its right of way, and alleged that its engines were all equipped with proper appliances for the prevention of the escape and spread of fire, and that the same were in good order and condition and properly operated.

There was a jury trial and verdict and judgment for appellees, from which this appeal is prosecuted.

Appellee Gilbert, as shown by the proof, owned a tract of sixty-two acres of land fronting 1100 varas on the west side of the right of way of appellant (whose road ran about north and south at this point), through which, in a southeasterly direction ran two depressions, into which the water falling upon this tract and other tracts northwest of it flowed prior to the construction of the railroad into Donahue Creek, and were sufficient for the ample drainage of said land. The railway company threw up a dump and embankment extending along the west side of the land across these depressions, with but one sluiceway, which the evidence shows was not sufficient in

times of ordinary rains to drain the land, whereby the water was caught against said dump or embankment of the railway and was caused to back up and stand over the lands of appellees, from which the crops planted thereon in the years 1906 and 1907 were damaged.

There is evidence to the effect that fire escaping from the engines of appellant on June 7, 1907, destroyed certain grain and grass, which had been mowed on the land of appellees near the right of way, and that the fire was first seen burning on the right of way. So that the evidence, in our judgment, was sufficient to sustain the verdict as to both issues. But appellant contends by its first assignment that the court erred in refusing to give its special charge No. 2 to the jury, to the effect that if they believed that the plaintiffs' crops were damaged, as alleged, during the years 1906 and 1907, but that such damage was due to the acts of plaintiffs in causing levees or embankments to be formed at the turn-rows in plaintiffs' field or along a string of fence on the east side of plaintiffs' field, and not from any act of the defendant or want of care on its part in the matter of constructing sluices and culverts, then they would find for the defendant, unless they found for plaintiffs on some other issue of negligence raised by the pleadings. We have carefully examined the record in this case and failed to find any evidence which would warrant this charge. It is true that there is evidence to the effect that the ground was some four to eight inches higher immediately under and along the right of way fence of appellant, and that this had the effect to stop the water and prevent it from running upon the right of way until it rose above this slight elevation; but there is absolutely no evidence showing or tending to show that this condition was brought about by the plaintiffs, but, on the contrary, there is proof to the effect that along the fence the ground is usually higher, by reason of the fact that weeds and grass were allowed to grow there, which, in time, raises the land. And this condition, if any inference is to be drawn at all from the facts in evidence, would be due, in our judgment, to the acts of defendant in allowing grass and weeds to grow upon the right of way. Besides, it was on the land of the company, over which plaintiffs had no control and for which they were in no way responsible. We therefore think that the charge was properly refused.

Appellant likewise complains of the refusal of the court to give its special charges Nos. 8 and 13, to the effect that if the damages complained of by plaintiffs were caused by an extraordinary and unprecedented rainfall, which could not have been reasonably anticipated and provided against, then to find for the defendant. The evidence did not show any unusual or extraordinary rainfall in 1906. There was, however, some evidence which tended to support this phase of the case occurring in 1907, but these requested charges did not limit the jury in their inquiry in this respect to that particular year, and for this reason may have been properly refused. But be this as it may, the court did, at the request of appellant give special charge No. 14 to the effect that if plaintiffs' damage, if any, for the year 1907, was caused by extraordinary and unusual rainfall, such as could not have been foreseen and provided against by the use of ordinary

care on the part of the company, then they would deduct the damages caused by such unusual and unprecedented rainfall, if there was such, for said year, from any damages that they might find from the evidence plaintiffs suffered by reason of the negligence of the defendant, as set forth in the other issues of negligence in their pleading. We think this charge was sufficient and amply submitted the defense as to this phase of the case, and we therefore overrule this assignment.

The court gave the following charge as to the measure of damages: "If under the foregoing instructions you find for the plaintiffs you will assess the damages, if any, as follows: You will first ascertain the reasonable market value, if any, at Bartlett, Texas, at the time of their maturity of the crops of millet, oats, corn and cotton, that plaintiffs would have made on the premises in question during the years 1906 and 1907, respectively, if defendant had provided the necessary sluices, culverts or ditches on its right of way, if you find they were not so provided. From this amount you will deduct the reasonable market value at Bartlett, Texas, at the time of their maturity of the crops of millet, oats, corn and cotton actually raised by the plaintiffs on the premises in question during the years 1906 and 1907, respectively. From the balance, if any there be, you will further deduct the reasonable value of additional work or expense, if any, that plaintiffs would have performed or in cultivating, gathering, preparing for market and marketing the additional amounts of said oats, millet, corn and cotton, if any, that would have been raised during said years, but for defendant's failing to construct the necessary sluices, culverts or ditches, if you find defendant did so fail to construct them, and after making said deductions, the balance so found by you, if any, you will assess as plaintiffs' damages, if you find they are entitled to damages."

The above charge is assailed by appellant on the ground, as it contends, that the measure of damages to the crops of plaintiffs in this case was the value of said crops immediately before the infliction of the injury and their value immediately after the infliction of the injury, without reference to the real value of the crops at any other period. The evidence shows that the injury complained of was to the growing crops; and the charge, in our judgment, conforms to the suggestion made by Chief Justice Gaines in the case of International & Great Northern Railroad Co. v. Pape, 73 Texas, 501, in which it is said, as shown by the syllabus: "It seems that the most satisfactory means of arriving at the value of a growing crop is to prove its probable yield under proper cultivation, the value of such yield when matured and ready for sale, and also the expense of such cultivation, as well as the cost of its preparation and transportation to market. The difference between the value of the probable crop in the market and the expense of maturing, preparing and placing it there will, in most cases, give the value of the growing crop." There was sufficient predicate in the proof in this case to warrant, in our judgment, the giving of the charge complained of. We therefore overrule this assignment.

Finding no error in the proceedings of the court below, the judgment is in all things affirmed.

*Affirmed.*