See, also, G., C. & S. F. Ry. Co. v. Hathaway, 75 Tex. 557, 12 S. W. 999; Mays v. Lewis, 4 Tex. 38; Smith v. Tucker, 25 Tex. 594; Pecos & N. T. Ry. Co. v. Railroad Commission (Tex. Civ. App.) 193 S. W. 770; Riske v. Rotan (Tex. Civ. App.) 84 S. W. 243; Pickerell v. Imperial Petroleum Co. (Tex. Civ. App.) 231 S. W. 412.

We regard the verdict as being ambiguous to an extent preclusive of that certainty which ought to be a part of administration of the law. The action of the Court of Civil Appeals in sustaining the assignment mentioned was correct.

Accordingly, we recommend an affirmative answer to the question certified.

CURETON, C. J. The opinion of the Commission of Appeals answering certified question is adopted, and ordered certified to the Court of Civil Appeals.

---

## ATLAS BRICK CO. v. NORTH.
### (No. 858—4594.)

(Commission of Appeals of Texas, Section A. Nov. 24, 1926.)

1. **Master and servant ⬡62—That inventor is in another's service at time of concept does not give employer interest in invention.**

Mere fact that inventor at time of concept is in another's service is not sufficient to give employer interest in or title, or right of title, to, invention.

2. **Master and servant ⬡62—Inventor, hired to perfect means for accomplishing prescribed result, cannot, after success, plead title against employer.**

If inventor is employed to devise or perfect instrument, or means for accomplishing prescribed result, he cannot plead title to work as against employer, after he has accomplished desired result.

3. **Master and servant ⬡62—Conduct may indicate shop right was given to employer of inventor.**

Where employee in certain line of work devises improved method or instrument for doing that work, and uses employer's property or services of coemployees to develop invention, assenting to employer's use of invention, jury may find that employee intended to, and did, give employer shop right.

4. **Contracts ⬡31—True contract between parties may rest in parol as effectively as in writing.**

True contract between parties may rest in parol as effectively as in writing; implications of words used and of facts being as competent in results as express agreement.

⬡ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by the Atlas Brick Company against Clarence Lutfer North. On appeal to the Court of Civil Appeals, judgment for plaintiff was reversed, and the cause remanded for new trial (281 S. W. 608), and plaintiff brings error. Judgment of Court of Civil Appeals modified and affirmed.

Winter & Winter, Jos. N. Sweeney, J. A. Gillett, and Wm. Coldwell, all of El Paso, for plaintiff in error.

Goggin, Hunter & Brown, of El Paso, for defendant in error.

NICKELS, J. The case is fully and correctly stated in the opinion of the Court of Civil Appeals (281 S. W. 608), wherein reversal of the judgment of the district court in favor of Atlas Brick Company and a remand of the case for further trial was ordered.

The judgment of the Court of Civil Appeals and the reasons given therefor are, we believe, correct. The opinion, however, includes the following:

"In view of another trial, we have thought it not amiss to further say that, under the record before us, it is our opinion that appellee, Atlas Brick Company, was not entitled to that portion of the judgment awarding to it the property and title in the patent and the patent process for the manufacture of brick thereunder, issued to North, nor to have same vested in the Atlas Brick Company, nor to the assignments of contracts made by North with parties for the right to make brick under the patent process, nor to have North enjoined from selling, assigning, or contracting with reference to said patent rights, nor from collecting any sums of money or royalty or other profits under any contract theretofore made by him.

"We are of the opinion that if, upon another trial, Atlas Brick Company should establish the parol contract alleged in the petition, the extent, and the full extent, of its rights to recover as to the patent and its property rights therein would be that of an implied license to use the patent process expressed in the patent, without payment of royalty, in the manufacture of brick at its plant, at El Paso, Tex., which property right is sometimes designated a 'shop right.'"

"The cases we refer to, without reviewing, any of them, as sustaining the above opinion, and thought to be applicable, are found in the report of the case Wireless Spec. App. Co. v. Mica Condenser Co., 239 Mass. 158, 131 N. E. 307, 16 A. L. R. 1179 et seq. They are Hapgood v. Hewitt, 119 U. S. 226, 7 S. Ct. 193, 30 L. Ed. 369; American Stay Co. v. Delaney, 211 Mass. 229, 97 N. E. 911, Ann. Cas. 1913B, 509; Eustis, etc., Co. v. Eustis, 51 N. J. Eq. 565, 27 A. 439; Pressed Steel Car Co. v. Hansen, 137 F. 403, 71 C. C. A. 207, 2 L. R. A. (N. S.) 1172."

Because the opinion, if unmodified, would be the law of the case upon a new trial, and because the excerpts quoted were thought to include error, writ of error was allowed to Atlas Brick Company.

The cases cited and others, as we read them, do not sustain the views expressed in that part of the opinion.

The decision in Hapgood v. Hewitt, 119 U. S. 226, 7 S. Ct. 193, 30 L. Ed. 369, in so far as relevant to the matter here, was rested upon this ground:

"There is nothing set forth in the bill, as to any agreement between the corporation and Hewitt, that the former was to have the title to his inventions or to any patent that he might obtain for them. * * * It is not averred that anything passed between the parties as to a patent."

It is to be inferred that, if such an agreement had been alleged, the decision would have been different. And in Standard Parts Co. v. Peck, 264 U. S. 52, 59, 44 S. Ct. 239, 68 L. Ed. 560, 32 A. L. R. 1033, an agreement was considered and held to be sufficient to pass an exclusive property in the inventions. The paper evidence of that contract read as follows:

"This agreement witnesseth: That second party is to devote his time to the development of a process and machinery for the production of the front spring now used on the production of the Ford Motor Company. First party is to pay second party for such services the sum of $300 per month," etc.

A contention that no more than a shop right passed under the agreement and the representations and inducements by which its making was circumstanced was definitely overruled.

[1-4] It seems to us that the rules of law applicable to such cases as this are laid down in Solomons v. United States, 137 U. S. 342, 11 S. Ct. 88, 34 L. Ed. 667, to this effect: (a) The mere fact that an inventor at the time of his concept is in another's service is not sufficient to give the employer an interest in or title (or right of title) to the invention. This is so because the employee may perform all of the duties properly assignable to him, and during the same period independently exert his conceptive faculties, "with the assurance that whatever invention he may thus conceive and perfect is his individual property." (b) But, if he be employed "to, devise or perfect an instrument or a means for accomplishing a prescribed result, he cannot, after successfully accomplishing the work for which he was employed, plead title thereto as against his employer or, it may be added, rightly decline formal transfer of title. Standard Parts Co. v. Peck, supra. (c) And, when one is in the employ of another, in a certain line of work, and devises an improved method or instrument for doing that work, and uses the property of the employer or the services of coemployees to develop and put in practicable form his invention, and assents to the use by the employer of such invention, the jury upon those facts may properly find that he intended to give, and did give, to the employer "an irrevocable license to use such invention"; i. e., a shop right. It ought to be added that the true contract between the parties may

rest in parol as effectively as in writing, and that what the words used and the facts imply are as competent in results as an expressed agreement. Gill v. U. S., 160 U. S. 426, 16 S. Ct. 322, 40 L. Ed. 480; Standard Parts Co. v. Peck, supra; Wireless Specialty Apparatus Co. v. Mica Condenser Co., 239 Mass. 158, 131 N. E. 307, 16 A. L. R. 1170.

We recommend affirmance of the judgment of the Court of Civil Appeals upon the opinion of that court as modified herein.

CURETON, C. J.   Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.