### NORTH v. ATLAS BRICK CO.
#### (No. 988—5145.)

Commission of Appeals of Texas, Section B. Feb. 6, 1929.

Goggin, Hunter & Brown and Lea, Mc-Grady, Thomason & Edwards, all of El Paso, for plaintiff in error.

Turney, Burges, Culwell, Holliday & Pollard, J. U. Sweeney, W. H. Winter, W. H. Burges, and J. E. Quaid, all of El Paso, for defendant in error.

SPEER, J. This case has been once before to this court, the opinion being by Judge Nickels of Section A and reported in 288 S. W. 146. The decision, upon the last appeal, is by the Court of Civil Appeals for the Eighth District and is reported in 2 S.W.(2d) 980.

Both parties applied for a writ which was granted. Briefly stated, the case is an action by Atlas Brick Company against Clarence Lupfer North, to recover certain rights under letters patent issued to North covering a process or formula for the manufacture of brick and for an accounting, it being alleged that North was in the employ of the company operating its brick plant at the time he discovered the formula or perfected the process, and further that he had sold the product of the plant to his personal profit in fraud of the company's rights, and in other respects sought recovery against him. No further statement of the case is necessary except with respect to the one issue upon which we recommend a reversal.

The case was submitted upon special issues. Question No. 3 was: "Do you find from a preponderance of the evidence that the defendant, C. L. North, while in control and management of the plaintiff company and its properties used the time, material, labor and equipment of the company in aid of the discovery or invention of the Klinker brick?" To this the jury answered, "No." Thereupon the trial court entered judgment, in part, as follows:

"And the court further finds that the finding of the jury to Question No. 3 is contrary to, and opposed to, the overwhelming weight of the evidence, and that if such finding should control the judgment herein rendered, it would be the duty of the court and the court would set aside said judgment as being against the weight of the evidence, unless the defendant would agree and grant to the plaintiff a right, without charge, to use the method of manufacturing brick which was patented to the defendant, North, by patent No. 1440234, and to manufacture brick by such method and sell such brick from its plant in El Paso, Texas, but not manufacture brick elsewhere; but the court does not consider that the finding of the jury to Question No. 3, referred to, controls this judgment as rendered.

"Wherefore * * * it is further ordered, adjudged and decreed that the plaintiff, Atlas Brick Company, so long as it continues in business, shall have the right to use, in its plant in El Paso, Texas, all of the rights, privileges, powers, processes and methods in the manufacture of brick, given, granted and secured to the defendant, C. L. North, in, by and under patent 1440234, issued by the United States of America to said C. L. North on the 26th day of December, 1922, and the right to sell the product of such manufacturer without the payment of royalty to, or any other charge by the defendant, C. L. North, or his heirs or assigns."

There was a judgment against the brick company as to its claim of title to the patent and against it upon the issue of loss for the sale of its product during the time the defendant was general manager of the company and against the defendant upon an issue of rentals paid by the company to Sheehan-North Company, a concern in which the defendant was personally interested. Both parties sought a new trial, and both appealed.

Plaintiff in error North assigns as error that the Court of Civil Appeals erred in holding that the trial court did not err in adjudging to the Atlas Brick Company a shop right to the patent in controversy.

First, it is complained that this holding was error because the plaintiff's petition did not assert such a cause of action. This contention, we think, should be overruled. It is true the plaintiff sought primarily to recover title to the letters patent, alleging specifically a parol agreement that the de-

fendant was employed by it for the purpose of improving its processes in such a way that the patent covering such improvement would rightfully belong to it. But the plaintiff further alleged: "That in pursuance of the verbal contract so entered into by and between plaintiff and defendant and in pursuance of his employment as general manager and for inventing or devising improvements for the plaintiff company in its process of manufacturing and making of brick, the defendant, while so employed by the plaintiff and while acting as president and general manager of plaintiff, did make experiments in pursuance of such verbal agreement in the process of manufacturing brick at the cost and expense of plaintiff company during the time he was employed in the pay of the plaintiff company as president and general manager and all of said experiments were made at the cost and expense of the plaintiff company with its machinery and the plant of the plaintiff company and with the assistance of the employés in the pay and at the expense of the plaintiff company; that during all that time there was a confidential relation existing between plaintiff and defendant by reason of the defendant being elected president and general manager and in charge of the business of the company under an agreement to make, invent or devise improvements in the process of manufacturing brick; that it was expressly understood by and between plaintiff and the defendant at the time of the employment of the defendant by the plaintiff as its president and general manager that the defendant was to have general charge of the manufacture of brick by the plaintiff company and especially in the development, devising or invention of a process for the improvement of the product manufactured by the plaintiff, and that any improvement, device or invention made by the defendant in the process for the manufacture of brick have to be for the plaintiff company and for its benefit and its property in consideration of the compensation paid the defendant by the plaintiff and that any device, invention or improvement made in the process of the manufacture of brick was to become the property of the plaintiff company."

The company prayed for judgment for the title to the letters patent, and in the alternative, "in the event the court shall hold that the plaintiff is not entitled to a conveyance to the aforesaid letters patent and patent right, then, in such event, the plaintiff prays the court to decree that plaintiff has the exclusive right to use said letters patent and the patent process in the manufacture of brick free of any royalties to the defendant, Clarence Lupfer North, wheresoever the plaintiff may be engaged in business with the right to assign and transfer such right to use said letters patent and patent process in the manufacture of brick to its successors and to its assigns, * * * and such other and further relief, general and special, legal and equitable, as the plaintiff may be justly entitled to."

We think this pleading raised the issue of the plaintiff's right to a shop right in the letters patent. It, of course, raised that issue as predicated upon express contract, but it likewise pleaded facts that were entirely inapt to a contractual right, but which tended to show a situation from which there would arise an implied grant of such shop right. We refer to the allegations that the defendant, while occupying a position of trust as general manager of the company and while he owed the company the duty of his personal services, occupied his time thus belonging to the company, used its machinery, the services of its other employés, and its plant and facilities for the purpose of experimenting and perfecting the process afterward patented, and thereafter continued to use the same for the benefit of the company. This, we think, is sufficient predicate for the prayer for the recovery of a shop right whether such right would exist only upon the theory of implied agreement to be determined by the intention of the parties, or by an implication which the law would raise from the facts pleaded. We need not decide between these two theories of liability, since, as we think, the pleading covers the facts, whatever be the true rule, and that point is not before us for decision.

 Next, it is complained the judgment for the plaintiff for the shop right is contrary to the verdict. Question No. 3, which has already been quoted, was designed to submit, and properly did submit, whether or not the defendant, while in control and management of the plaintiff company and its properties, used the time, material, labor, and equipment of the company in aid of the discovery or invention of the Klinker brick. The matter thus submitted was not merely evidentiary, but it was a part, at least, of an ultimate controlling issue. If it did not contain all of the elements necessary to a recovery, it at least contained some indispensable elements, and therefore was a submission in part, at least, of the issue which we have held to have been well pleaded, and such issue cannot be held to have been waived under the rule announced in Ormsby v. Ratcliff (Tex. Sup.) 1 S.W.(2d) 1084, and Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591, for an issue submitted in part, or even defectively submitted, with the acquiescence of the parties, is not waived. It is like the ordinary issue of negligence in a personal injury case. The complete ultimate issue is usually made up of four elements or subsidiary issues, being those of (1) the fact alleged, (2) whether the same be negligence, (3) whether such negligence be the proximate cause of injury, and (4) the amount of damage. Now, if one or more of such elements, or issues as they are usually denominated, be submitted and the others not submitted nor requested to be sub-

mitted, such issue is not waived, but the court may find, and under the statute is deemed to have found, the unsubmitted issues in such way as to support the judgment rendered by him.

■ But it would not follow that the court would be authorized to find the unsubmitted issue or issues in such a way as to contradict the finding of the jury upon the issue actually submitted to it. And, of course, under the statute, no presumption of such a contradictory finding could be indulged, for the verdict upon an issue submitted to the jury, right or wrong, and even though contrary to the undisputed evidence, is nevertheless binding upon the court, and he cannot enter a judgment upon his own findings or otherwise, non obstante veredicto. Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881; Waller v. Liles, 96 Tex. 21, 70 S. W. 17.

■ The issue of the plaintiff's right to a shop right in the patent having been submitted and found against such right, it was error for the trial court to enter judgment contrary thereto, and it was error for the Court of Civil Appeals to affirm that judgment. This conclusion is not affected by the proceedings of a stockholders' meeting referred to in the arguments at the bar. It appears that at a regular annual meeting of the stockholders of the Atlas Brick Company, presided over by Mr. North, its president, a motion or resolution was carried, decreeing: "Clarence Lupfer North, at very great expense to himself personally, and to Sheehan-North Company for investigation of the manufacture of brick in general, developed and patented in his own name what is known as Atlas Gray Klinker Brick; and it is the intention of Mr. North, as stated by J. P. Sheehan at this meeting and agreed to by Mr. C. L. North, to have the Atlas Brick Company enjoy the benefits of manufacture of Atlas Gray Klinker Brick, without any royalty charged on compensation so long as said C. L. North is connected with the Atlas Brick Company."

This was not pleaded for any purpose, and we need not therefore decide whether the action of the stockholders would have any effect on the matter or not. Such conduct might, under some circumstances, amount to estoppel or ratification, but no such question is before us.

■ The plaintiff complained in its motion for a new trial that it was entitled to such new trial because of the finding of the jury in reply to question No. 3, and the trial court,

as already shown, found that the finding of the jury to question No. 3 was contrary, and opposed, to the overwhelming weight of the evidence, and that if such finding should control the judgment it would be his duty to set aside the judgment as being against the weight of the evidence. Nevertheless, being of the opinion the finding was not controlling, he did not actually set aside the verdict, but ignored it in this respect. The brick company complained of this in the Court of Civil Appeals, and that court overruled the assignment upon the ground that, since the court had awarded the shop right to the company, it could not complain that the verdict in this respect was contrary to the evidence. But this is not correct reasoning. The company's complaint was not that the court erred in awarding it a shop right, but that the verdict should be set aside and a new trial granted because the verdict with respect to the issue of shop right was not supported by the evidence. Such a complaint is far-reaching and challenges the integrity of the verdict as a whole. Under our system, the verdict is an entirety, and, if any part of it is set aside, the entire verdict falls. The judgment must in all cases conform to the verdict, and there can be but one final judgment in any case, and it necessarily follows there can be but one verdict and that the judgment must follow that verdict as returned, unless the same in its entirety be set aside. It is not permissible to set aside the verdict in part and to render judgment upon that which remains. This would be not only to violate the statutory rules just referred to, but would be to violate the constitutional guaranty of trial by jury. The brick company having successfully challenged the verdict in a material respect, its validity as a whole was involved, and the trial court erred in not setting the verdict aside, and the Court of Civil Appeals erred in affirming that ruling.

So that we recommend that the judgments of the trial court and of the Court of Civil Appeals be reversed, and the judgment be here entered remanding the cause for another trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.