**WICHITA FALLS & OKLAHOMA RY. CO.**
**et al. v. PEPPER.**

No. 13476.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 8, 1937.

Rehearing Denied Feb. 5, 1937.

Taylor, Muse & Taylor, of Wichita Falls, and Thompson & Barwise and Luther Hudson, all of Fort Worth, for appellants.

Bunting &. Stine, of Henrietta, for appellee.

SPEER, Justice.

A. C. Pepper sued the Wichita Falls & Oklahoma Railway Company and the Wichita Valley Railway Company in the district court of Clay county, Tex., for damages to his growing crops during the year 1935, because of flood waters covering his lands, alleged to be on account of the negligence of defendants.

Plaintiff was a tenant on lands adjacent to Red river with defendants' railway tracks extending along his east or southeast line. It is alleged that the natural fall of plaintiff's lands is toward the railway tracks; that defendants had failed to provide the necessary drainage and sluice ways through the dump or fill upon which their tracks were laid to permit the escape of water falling on plaintiff's lands, and that the defendants had previously opened a borrow pit or drainage ditch on the north side of their tracks, adjacent to plaintiff's farm, for the purpose of conveying surplus water back into the river; that a few days prior to June 13, 1935, defendants had caused a large quantity of heavy timbers to be unloaded from their cars into the drainage ditch, and that on said June 13, 1935, a heavy rain fell and the borrow pits and drainage ditch were filled with water as it flowed in its natural course from plaintiff's lands. It is alleged that the timbers placed in said borrow pits formed a dam therein and prevented the escape of said water in its natural flow back into the river, causing it to spread over plaintiff's growing crops of corn, cotton, and a three-acre garden; that the water stood on the crops until the corn and cotton were both badly damaged and the garden was totally destroyed.

The defendants answered by general denial, and a special plea in a trial amendment. The issue made by the latter was determined against defendants and no complaint is made here of that part of the verdict and it becomes unnecessary for us to refer to it again.

The case was submitted to a jury on special issues, the first nine of which pertained to the acts of the defendants charged by plaintiff to have constituted negligence.

These issues were all answered favorable to the plaintiff.

Issues 10, 10A, 11, and 12 related to damage to the corn, and the loss found by the verdict in this respect is not complained of by defendants.

The six assignments of error presented challenge the right of the court to render judgment for the amount of damages found by the verdict for loss to the cotton and garden, based upon the fact that the court did not submit an issue inquiring the amount of cotton actually raised by plaintiff, and did not submit an issue inquiring what amount of expense would have been incurred in the further cultivation and canning of the vegetables in the garden tract.

Defendants contend the court was without authority to enter judgment without a jury determination of these particular facts.

Defendants earnestly insist that the only way to arrive at the damages sustained by plaintiff in a partial loss of crops is to ascertain the probable yield but for the negligence of another, and then to inquire what amount was actually produced under the circumstances along with the necessary expense of cultivation, harvesting, and marketing and deduct this from what the yield should have been and the remainder would give the loss, citing us to cases of International & G. N. R. Co. v. Pape, 73 Tex. 501, 11 S.W. 526; Missouri, K. & T. Ry. Co. v. Gilbert, 58 Tex.Civ. App. 467, 124 S.W. 434, and others of similar import.

We think the principles announced in those cases are correct. The reason for the holding is obvious. The general rule that the damages would be the difference between the value of the crops immediately before and immediately after the injuries would be difficult of ascertainment, except in this way.

By special issue No. 13, inquiry was made as to what number of bales of cotton, of an average weight of 500 pounds, would the plaintiff have made had it not been for the negligence of defendants, and the answer was " 28 bales."

Special issue No. 14 inquired what amount of expense would have been incurred after the overflow in the cultivation, gathering, and marketing of the cotton. The answer was "$586.10." Inquiry was then made as to the value per pound of

cotton at that time. The answer was "11 cents per pound."

This being a suit for partial damages to crops and not for total loss, it is contended by defendants that no proper judgment could be rendered on the verdict of the jury as to the loss sustained to the cotton crop, because there was no issue submitted to the jury inquiring what amount of cotton was actually raised by plaintiff on the lands, and that the court could not take that question from the jury and determine it himself for the purpose of rendering a judgment on other issues answered. We cannot agree with defendants in this contention, and shall give our reasons for our dissent.

The testimony of plaintiff, which in this respect is uncontradicted, shows plaintiff gathered three bales of cotton from the premises. The defendants in their brief make an extensive and complete calculation in the form of an account as to the probable elements the court must have considered in arriving at the judgment entered. The plaintiff agrees that the statement so made is substantially correct. We have verified these figures by the record and find they are well supported by the testimony. It was found by the jury that plaintiff should have made 28 bales of cotton; that it would require an expense of $586.10 to cultivate, harvest, and market the cotton after the date of the overflow, had it not been damaged; that the cotton would have been worth $55 per bale. The court, in making up his judgment, deducted from the 28 bales the 3 bales shown to have been made and gathered, leaving a loss to plaintiff of his three-fourths interest in the remaining 25 bales and from the value of these he deducted the expense found by the jury to be necessary in cultivating, harvesting, and marketing, the result found by the court being a net loss on the cotton to plaintiff of $445.65.

As stated above, defendants challenge the right of the court, in the absence of a jury finding that 3 bales were made, to take this item into consideration, the effect of which was to conclude this part of plaintiff's testimony was absolutely true. The defendants further contend that in the absence of the establishment of that item to the satisfaction of the jury there was no basis upon which the court could enter judgment for plaintiff on the item of loss to the cotton crop. This question involves a construction of articles 2185, 2186, and 2190, Rev.Civ.Statutes, pertaining to the charges of the court and special issues. In the very nature of things our courts have often had occasion to discuss these provisions, and we believe they have been definitely decided against the contention of defendants.

Article 2190 provides, among other things: "Upon appeal or writ of error, an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such finding."

The question then arises as to what type of issue material to a plaintiff's cause of action or defendants' defense does the above-quoted provision of the statute apply? In many cases there are more than one ground of recovery alleged by plaintiff and often several grounds of defense by defendants. Certainly either of these elements may be waived by a party, but the court would not be authorized to find them favorable to the party so waiving them either by an overt act by announcement to the court of his intention to so waive them, or by failure to request instructions or issues thereon. But we think the provision of the statute quoted applies to fact issues which are incidental or supplemental to ultimate issues that are submitted and found by the jury. In this case, as relates to the loss of cotton, the ultimate issue was whether or not plaintiff's cotton crop was damaged as a proximate result of defendants' negligence, and this issue was determined by the jury, and any evidentiary fact necessarily incident and supplemental thereto may be found by the court if there is evidence to sustain it.

Prior to 1928, our courts were in much confusion over this question and our Supreme Court wisely set the matter at rest in the case of Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. The court, in referring to that part of article 2190 quoted by us, said:

"In this case, and in a number of other cases, it is insisted and has been urged that the provision of the statute wherein it is provided that 'an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment, if there is evidence to sustain such finding,' includes and applies to all unsubmitted issues in a case, and that such an issue is not waived, and cannot be waived, by a mere failure to request its submission.

"It has been held in a number of well-considered cases, and we think correctly so, that the above-quoted provision of the statute does not apply to issues in the case which are independent causes of action in themselves or controlling and independent grounds of recovery, or independent grounds of defense, but that it applies only to such omitted issues as are in accord with, and supplemental or incidental to, and which support, the issues of fact which were submitted and found by the jury, and upon which the judgment is based. It will be observed that the statute provides that such an issue not submitted and not requested is deemed 'as found by the court in such manner as to support the judgment,' but it does not provide that such omitted issue or finding shall in itself form the basis for the judgment as an independent ground of recovery, but only in support of the judgment properly found and based on a recoverable ground. The language used clearly implies that such unsubmitted and unrequested issues could not form an independent and original basis for the judgment, but only shall be found in such manner as to support the judgment. That this is the proper construction and meaning of article 2190 is made clear also by the provisions of articles 2185, 2186, and the first part of article 2190 quoted above. * * *

"Independent grounds of recovery, or grounds of defense wholly neglected and ignored by the parties to the suit themselves, would be made the basis for judgment in the face of the issues submitted, and regardless of the findings by the jury, and, too, upon issues which under reason and the statutes above quoted should be held to have been waived. Can it be said that the Legislature in enacting article 2190 (article 1985, R.S.1911) intended to provide in a suit submitted on special issues that a party can abandon or waive an unsubmitted issue only by an overt act or declaration indicating such an intention? We think not. To be sure, an unsubmitted fact issue, consistent with the issue or issues necessary to a recovery, and found by a jury, should be deemed as found by the court in such manner as to support the judgment, if there is evidence to sustain such finding, as provided in the statute, but, as provided in the statute, only in support thereof, and not as a separate and independent finding of facts establishing a cause of action or a defense, and upon which to base a judgment.

"It should be remembered that the special issue statutes and the provision under consideration relate and apply to 'special issues' submitted to the jury, that is, separate and distinct questions of fact or issues of fact germane and material to the cause of action, or causes of action upon which the plaintiff relies for recovery or the defendant as a defense. These issues of fact or questions of fact, when found by the jury, are findings of fact upon which a judgment upon the pleadings and evidence may be based. It is a proper legal presumption that all correlated, supplemental, and supporting facts should be found in favor of a judgment, but separate and independent grounds of recovery not so submitted cannot be so presumed to exist, but must be held to have been waived by the party failing to ask their submission."

The above case of Ormsby v. Ratcliffe has been cited and followed more than fifty times, and we, too, think it correctly announces our rule of procedure in such cases as the one here under consideration.

The ultimate issue of loss to plaintiff by the negligent acts of defendants was submitted to the jury and found in favor of plaintiff, the fact issues to follow, which were incident and supplemental to that ultimate issue, are those complained of by defendants. The holding in the case of North v. Atlas Brick Co. (Tex.Com.App.) 13 S.W.(2d) 59, 61, clearly illustrates the point and we adopt the language there used, which said:

"An issue submitted in part, or even defectively submitted, with the acquiescence of the parties, is not waived. It is like the ordinary issue of negligence in a personal injury case. The complete ultimate issue is usually made up of four elements or subsidiary issues, being those of (1) the fact alleged, (2) whether the same be negligence, (3) whether such negligence be the proximate cause of injury, and (4) the amount of damage. Now, if one or more of such elements, or issues as they are usually denominated, be submitted and the others not submitted nor requested to be submitted, such issue is not waived, but the court may find, and under the statute is deemed to have found, the unsubmitted issues in such way as to support the judgment rendered by him."

See, also, Fidelity Union Casualty Co. v. Arnold (Tex.Civ.App.) 40 S.W.(2d) 954;

McDaniel v. Orr (Tex.Com.App.) 30 S.W. (2d) 489.

From the above authorities, we conclude and so hold that the failure of the court to submit to the jury an issue from which to determine the amount of cotton raised by plaintiff, for the year 1935, was not error. It was a fact issue or evidentiary matter to the main issue made by plaintiff as one of his grounds of recovery, and the plaintiff did not waive that element of his cause of action by failing to request such issue. The testimony on the point by plaintiff was uncontradicted and was sufficient to sustain the court's judgment when he found it to be true in entering the judgment.

It is contended by defendants that plaintiff being an interested party and there being no other testimony on the point, the truth of his statements became issuable facts for determination by the jury, citing the cases of Stone v. City of Wylie (Tex.Com.App.) 34 S.W.(2d) 842, Thraves v. Hooser (Tex.Com.App.) 44 S.W.(2d) 916, and cases therein cited. We think those cases are distinguishable from the one before us as well as from that of Ormsby v. Ratcliffe, supra, in the matters discussed pertaining to the ultimate issue rather than to ancillary, incidental, and supplementary fact issues. At most, the sole testimony of plaintiff as to the number of bales of cotton made by him during the year 1935 was sufficient "evidence to sustain such finding" made by the court, and this meets the requirements of the statute.

This brings us to a consideration of the assignments of error which challenge the right of the court to render judgment for the $300 loss to plaintiff for the destruction of his three-acre garden.

The jury found in response to a special issue that the garden was totally destroyed, and to another issue, that its reasonable value to the plaintiff was $300. The testimony is not entirely clear as disclosed by the statement of facts, that the value of the garden would have been worth to plaintiff the amount claimed, over and above the expense of finishing its cultivation and the canning of that part which would not be consumed during the growing season. He testified that his own family, and those of his two sons and his hired hand, would consume a part of it before the canning season, but that by their own labor they would have canned the remainder for home consumption; that $10 in labor would have cultivated it and $25 or $30 would have purchased necessary cans; yet he finally testified that his estimate of its value of $300 was arrived at by taking all of these things into consideration and that it would be worth $300 to him after it was canned. The jury had all of this testimony before them and found its value to be $300, and we find no reason to disturb their verdict.

The testimony further disclosed that after the destruction and damages to his corn and cotton, he planted late forage crops and realized approximately $188.33 therefrom. The court's judgment was in favor of plaintiff for $1,079.65. An analysis of the jury's verdict shows his net loss to the corn was $528.33; his loss to the cotton was $445.65, and to the garden $300; these added together make a total of $1,273.98 and deducting the value of the late crop of $188.33 leaves the total net loss of $1,085.65. It will be observed that there is a slight difference in the last figures and the amount of the judgment rendered, but it is insignificant.

We do not believe defendants' assignments of error to the court's action discussed are well taken and they are all overruled. We therefore affirm the judgment of the trial court.

### On Motion for Rehearing.

In our original opinion, we used the expression: "The testimony of plaintiff, which in this respect is uncontradicted, shows plaintiff gathered 3 bales of cotton from the premises." Appellant has called our attention to the fact that the quoted language is not in precise accord with the record, and asks that we modify the statement, which we are glad to do.

The testimony from which we made the quoted statement reads as follows:

"Q. How much cotton, Mr. Pepper, did you make on the nine acres that wasn't destroyed, of cotton? A. I picked two bales off of that and got another to pick.

"Q. Three bales is your estimate of the crop on that nine acres? A. Yes, sir."

We do not consider the possible difference in our statement and that as disclosed by the testimony here given should

alter the conclusions reached by us in the original opinion.

The motion for rehearing, as well as the motion to certify to the Supreme Court, is overruled.