

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

This Opinion overrules
in part letter opinion
to W.M. Porter dated
2/12/38.

Hon. John M. Turner
County Attorney
Bee County
Beeville, Texas

Opinion No. O-4424
Re: Penalty on delinquent taxes
of independent school dis-
trict.

Dear Sir:

We have received your letter of recent date in which you ask the opinion of this department upon the following question:

"Can an independent school district legally charge ten per cent penalty on its own delinquent taxes?"

Article 7336, Vernon's Annotated Civil Statutes, provides in part as follows:

"If any person fails to pay one-half (1/2) of the taxes; imposed by law upon him or his property, on or before the thirtieth day of November of the year for which the assessment is made, then unless he pays all of the taxes (imposed by law on him or his property), on or before the thirty-first day of the succeeding January, the following penalty shall be payable thereon, to-wit: During the month of February, one (1%) per cent; during the month of March, two (2%) per cent; during the month of April, three (3%) per cent; during the month of May, four(4%) per cent; during the month of June, five (5%) per cent; and on and after the first day of July, eight (8%) per cent."

We quote from the opinion of the recent case of Love v. Spur Independent School District, et al, 143 S.W. (2d) 793:

"Article 7336, Revised Civil Statutes of 1925, provided in effect that a penalty of 10% on the entire amount of delinquent taxes should accrue and be collected as penalty. Thereafter in 1934 article 7336 was amended by the Fourth Called Session of the Forty-third Legislature, c. 10,§2, Vernon's Ann. Civ. St.art. 7336, and reduced the penalty on delinquent taxes to 8%, but

the amendment became effective ninety days
after the date of the adjournment of said
session November 10, 1934.  Article 7336d
provides that the State or any county or other
subdivision of the State 'except such cities,
towns, villages, special school districts and
independent school districts which do not
adopt the provisions of this section' shall
collect penalty on a different basis but this
last article has no application to the case
under consideration for the reason the record
fails to show that its provisions were adopted
by the City of Spur or the Spur Independent
School District.  Therefore the penalty would
be calculated according to article 7336 and
article 7336 as amended by the Forty-third
Legislature.

.."It will be noted from the delinquent
tax record of the City heretofore set out that
it charged 10% penalty for the years 1928 to
1938, inclusive, when under the law it should
have charged only 8% penalty for the years
1935 to 1938, inclusive, which would have re-
duced the penalty due the City by $1.97.

"The judgment in favor of the City for
$1.97 penalty in excess of the legal amount
is a mistake which in our opinion comes under
the doctrine of de minimis and does not re-
quire a reversal or modification of the
judgment.  Texas & N.O.R.Co. v. Stumberg, Tex.
Civ.App., 115 S.W.(2d) 1126; Lewis v. Lewis,
Tex.Civ.App.. 125 S.W.2d 375; Wichita Falls
& Oklahoma Ry. Co. et al v. Pepper, Tex.Civ.
App., 101 S.W.2d 365.  We also note that in
1930 the Spur Independent School District
charged a penalty of but $2.40 on delinquent
taxes of $48.  This was to the defendant's
advantage in the sum of $2.40.

"An examination of the schedule of the
delinquent tax record of the Spur Independent
School District heretofore set out discloses
that the School District charged 10% penalty
up to and including 1933 but only 8% penalty
thereafter and the defendant is entitled to no
deduction therefrom."

You are respectfully  advised that the penalty
should be calculated according to Article 7336 before and

after its amendment. In other words, for the years prior to the amendment a penalty of 10% is authorized. For the years after the amendment a penalty on a graduated scale is authorized from February to July following the date of delinquency, and a penalty of 8% after the first day of July. The letter opinion to which you refer in your letter of request was one written February 12, 1938, to Honorable W. M. Porter. The author of the opinion cited Article 7336, as amended, providing for an 8% penalty. He closed the opinion with a statement that the district could charge a 10% penalty. We believe that the author inadvertently wrote 10% when he meant 8%. This statement is expressly overruled.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        George W. Sparks
                Assistant

GWS:LM:bt
Approved March 4, 1942

Grover Sellers
First Assistant
Attorney General

Approved Opinion Committee
By BWB, Chairman