## WHEATLEY vs. BLALOCK.

The county court, where the amount sued for is within its jurisdiction,
has jurisdiction to render a judgment foreclosing a mechanic's lien
on realty.    Such a proceeding is not a case respecting titles to land,
within the meaning of the constitution.

March 18, 1889.

Courts.   Jurisdiction.   Liens.   Before Judge FORT.
Sumter superior court.   October adjourned term, 1887.

Reported in the decision.

JAMES DODSON & SON, by B. P. HOLLIS, for plaintiff in
error.

E. G. SIMMONS, contra.

BLECKLEY, Chief Justice.

An execution for $65.43, besides interest, in favor of
Wheatley against Blalock, directed the seizure of specific
realty situated in Americus, Sumter county, and the
sale of the same to satisfy a lien on said realty in favor
of Wheatley as a mechanic, contractor and material man·
This lien was foreclosed by a judgment rendered in the
county court of Sumter county, on which the execution
was predicated.   The sheriff levied upon the property,
and a claim was interposed by Mrs. Mary A. Blalock;
and the same coming up for trial in the superior court,
the levy was dismissed, on the ground that the county

court had no jurisdiction to render a judgment foreclosing such a lien. The sole question for our consideration is, whether there was such jurisdiction or not.

The constitution (code, §5137) gives the superior court exclusive jurisdiction of "cases respecting titles to land." The statute (code, §282) provides that "the jurisdiction of the county courts shall extend, in the county town, district or districts, to all civil cases of contract or tort (save when exclusive jurisdiction is vested in the superior court) where the principal sum claimed in cases of contract, or damages in cases of tort, does not exceed $300.00, and over the remainder of the county when the principal sum, as aforesaid, does not exceed $300.00, nor is less than $50.00." In section 295 the power of the county judge over the foreclosure of liens, without any restriction as to the species of property to which the liens relate, is distinctly recognized. The statutory provisions applicable directly to mechanic's liens, and other like liens upon realty, are contained in sections 1980, 1990 of the code. From these it will appear that no court is specifically pointed out for the exercise of jurisdiction in proceedings for foreclosure. There must be by the mechanic "the commencement of an action for the recovery of the amount of his claim within twelve months from the time the same shall become due." Also, "in declaring for such debt or claim, the claimant of the lien must set forth his lien, and the premises on which he claims it ; and if the lien is allowed, the verdict shall set it forth, and the judgment and execution be awarded accordingly." It might be argued inferentially that as the county court acts without a jury, the provision last quoted would amount to an implied negative upon its power to entertain such cases ; but this is only an argument, and is met, we think, by the case of *Parish vs.*

*Murphy,* 51 *Ga.* 614, in which the foreclosure took place in the city court of Augusta; and this court say the judgment was, in effect, just what a verdict and judgment should have been had it been a case where a verdict had been rendered. The meaning of the code we take to be this : that where, according to the course of proceedings, a verdict is necessary, it shall set forth the lien; but where no provision of law is made for a verdict, its office is supplied by setting forth the lien in the judgment. And such was the course pursued in the present case. From the recitals made above, it will be seen that the county court, within certain limits as to amount, has jurisdiction of civil cases, unless they be such as fall within the exclusive jurisdiction of the superior court. We have seen that cases respecting titles to land do fall within such exclusive jurisdiction. The question before us is therefore narrowed down to this : Is an action to enforce a mechanic's lien upon realty a case respecting titles to land ? The answer, we think, must be in the negative. In *Stroupper vs. McCauley,* 45 *Ga.* 74, it was ruled that such an action is not a proceeding *in rem.* To the same effect is *Porter vs. Wilder,* 62 *Ga.* 521. *Beckwith vs. McBride,* 70 *Ga.* 642, holds that an action against a trustee to enforce a claim against trust land, is not within the constitutional provision touching exclusive jurisdiction. The question is further illustrated by *Royston vs. Royston,* 21 *Ga.* 161, and various other cases which might be cited. See also Wells on Jurisdiction, 67, §79.

We were pressed by counsel for the defendant in error with the third paragraph of section 1990 of the code, which says: "If any real property on which there is a lien be sold by any process from the courts of this State, the purchaser shall obtain the full title, and the lien shall attach to the proceeds of the sale, upon notice

by the party claiming the lien to the officer to hold the money until the next session of the superior court, for that purpose." The superior court being here named as the one to arbitrate upon the distribution of money produced by the sale of realty under liens, the argument is that that court alone has jurisdiction to enforce such liens. We think, however, the reason for this section is, that no matter from what court process may issue, only the sheriff—that is, the officer of the superior court—can sell land. Any fund, therefore, raised by the sale, must come into the hands of that officer, and of course the court of which he is primarily and pre-eminently the ministerial officer, should direct him in paying it out. This construction of the paragraph, and of the reasons for it, is an answer, we think, to any tacit argument which may be drawn from it respecting the proper court in which proceedings to foreclose should be had. The paragraph is quite as consistent with one theory of jurisdiction as another. Our general conclusion is, that the county court of Sumter had the jurisdiction which it exercised, and that the superior court erred in dismissing the levy.

Judgment reversed.