### HEWLETT, administrator, *v.* WATSON.

BECK, J. 1. Where upon the hearing, upon appeal to the superior court, of an application for a year's support to be allowed from the estate of a decedent, by one claiming to be his widow, the only issue for determination was that of marriage vel non, the applicant successfully carried the burden of proving the affirmative of that issue when it was shown by the uncontradicted testimony of the applicant herself, which was admitted without objection, that she had, 14 years previously, intermarried with the decedent; which testimony was corroborated by that of several witnesses, who testified that they had known the decedent and the applicant for periods of time ranging from seven to twelve years, during which time they lived together continuously as husband and wife; testified that the decedent introduced the applicant as his wife, and held her out to the world in general as his wife; and testified to other facts tending to establish, by habit and repute, that the two were in fact man and wife. 1 Wigmore on Evidence, § 268; 8 Enc. Ev. 467, and cases cited; *Clark* v. *Cassidy*, 62 *Ga.* 407.

2. No evidence, direct or circumstantial, except that the decedent had a son at the time of his marriage, appears in the record tending to contradict the evidence introduced by the applicant. The evidence demanded a finding that the applicant was the widow of the decedent, and the court did not err in directing a verdict accordingly.

*Judgment affirmed. All the Justices concur.*

MAY 11, 1910.

Year's support. Before Judge Ellis. Fulton superior court. July 1, 1909.

*Walter W. Visanska,* for plaintiff in error.

*John T. Dennis* and *Virlyn B. Moore,* contra.