**STEWART v. ROCKDALE STATE BANK.**

No. 7701.

Court of Civil Appeals of Texas. Austin.

July 27, 1932.

Rehearing Denied Aug. 17, 1932.

W. A. Morrison, of Cameron, for appellant.

E. A. Camp, of Rockdale, for appellee.

McCLENDON, C. J.

The bank sued Stewart upon a note for $380, and caused an attachment to be levied upon two parcels of real estate. Stewart filed a plea challenging the jurisdiction of the court to foreclose the attachment lien, alleging that title to one of the parcels was in his wife, and the other parcel was his homestead. This plea was overruled. Whereupon Stewart offered to produce evidence in support of this allegations; which was denied "because it was the opinion of the court that this court was without power or jurisdiction to hear or determine the ownership of said lands or the question of the homestead rights of the defendant therein."

The judgment, which was in favor of the bank upon the note, recites: "It is further ordered and decreed by the court that the lien created by the issuance and levy of the writ of attachment on said real estate as hereinabove recited, be and the same is here now recognized and preserved, and all of the rights, liens and equities to which plaintiff is entitled by virtue of said writ and levy are here now preserved to him as fully as this court has the power to grant the same, and such rights are decreed to plaintiff."

Stewart has appealed, assigning as error the ruling of the court in denying the plea and in refusing to hear evidence thereon.

The judgment does not purport to foreclose the attachment lien, but merely recognizes and preserves it to the extent of the court's power to do so. But treating the judgment as tantamount to a decree of foreclosure, the power of the court to enter it is now firmly established in the jurisprudence of this state. Baker v. Pitluk & Meyer, 109 Tex. 237, 205 S. W. 982. In the opinion in that case Justice Greenwood reviews the statutory and judicial history of the question, the conflict of decision thereon that existed (1) between the court of appeals and the Supreme Court, and (2) later among the Courts of Civil Appeals, and sets the question finally at rest in so far as that can be done by an adjudication of the Supreme Court. To do more than refer to this decision on this point would be but reiteration to no useful purpose.

Appellant virtually concedes the correctness of this view, but contends that, since under that holding jurisdiction inheres in the county court to foreclose the attachment lien, that court also of necessity has jurisdiction to adjudicate the validity of the lien and therefore to determine the questions of homestead and the wife's title.

As to the latter, it need only be said that she was not a party to the suit, and her interest in the land was not sought to be reached by the attachment. "That others than defendants are the owners of property attached

is not available as a defense against foreclosure of the attachment." Wise v. Ferguson (Tex. Civ. App.) 138 S. W. 816, 817 (error denied).

■ The homestead interest is an estate in land (Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.(2d) 35), the power to adjudicate which is by the Constitution (article 5, § 8) vested solely in the district court.

It must be conceded, therefore, that, if the effect of a foreclosure of the attachment lien were to adjudicate the homestead right, or other title to the property, there would be a conflict between the holding in Baker v. Pitluk & Meyer, and the Constitution.

The question presented is one of definition of the term foreclosure as applied to an attachment lien.

In a plenary suit brought in a court of competent jurisdiction in this state for the purpose of foreclosing a mortgage or other lien upon realty, the decree of foreclosure adjudicates the validity of the lien and the right of possession as to all parties to the suit. R. S. art. 2219.

■ But foreclosure does not in every instance of necessity have this effect. Generally, as to mortgages, it implies the cutting off of the right of redemption. See Appeal of Ansonia Nat. Bank, 58 Conn. 257, 18 A. 1030, 20 A. 394; Arrington v. Liscom, 34 Cal. 365, 94 Am. Dec. 722; Springfield Fire & Marine Ins. Co. v. Phillips, 16 Ky. Law Rep. 390; Goldtree v. McAlister, 86 Cal. 93, 23 P. 207, 24 P. 801. In its modern significance, as applied to liens, it relates to the sale and not to the judgment decreeing foreclosure. Sichler v. Look, 93 Cal. 600, 29 P. 220.

Nor is a decree essential in every instance to a valid foreclosure. There may be a foreclosure under a power, as in ordinary trust deeds. An abstract of judgment lien is properly foreclosed by sale under an execution issued by the clerk or justice of the peace of the court in which the judgment is rendered. Ives v. Culton (Tex. Civ. App.) 197 S. W. 619, affirmed (Tex. Com. App.) 229 S. W. 321. The foreclosure in either event is not an adjudication either of the validity of the lien or of the title passing under the sale. Validity of the latter is dependent upon that of the former; and every defense which could before the sale have been urged against the one, can after the sale be urged against the validity of the other.

■ Attachment is a form of execution (Pierson v. Hammond, 22 Tex. 585; Rule v. Richards [Tex. Civ. App.] 159 S. W. 386) issued before judgment. It is an ancillary proceeding to preserve intact the defendant's title to the attached property, so that it may be applied to the plaintiff's debt when established. It affects only the title of defendant which is subject to execution for the debt sued upon.

Even in the district court, with ample power to adjudicate title and homestead estates in realty, foreclosure of an attachment lien does not adjudicate such title or estates, unless these subjects are brought in issue by the pleadings. Willis v. Matthews, 46 Tex. 478.

Attachment performs the same function before judgment that the recorded abstract of judgment performs after judgment. Each fixes a lien upon the title of the debtor subject to execution; which lien, in either event, is foreclosed through sale under execution. No decree of foreclosure or order of sale is issued, in the case of an abstract of judgment, and by statute (R. S. art. 301) this is expressly dispensed with in attachment in the county and justice courts. But even where foreclosure and order of sale are decreed, the effect is no different. The sale in either event divests only such title as the defendant had at the time of the attachment lien subject to execution.

When given this limited effect, foreclosure of an attachment lien is no more an adjudication of a title, lien, or interest in land, than is an ordinary execution levied thereon. The levy of execution fixes a lien in like manner, and to a like extent, as that fixed by attachment, and this lien of execution is foreclosed by sale under the writ of execution, without decree of foreclosure or order of sale, and thereby the defendant's title, subject to execution, is divested.

■ It is this difference in the meaning and effect of foreclosure as applied to a plenary suit for that purpose on the one hand, and as applied to attachments on the other, which distinguishes the two proceedings from the viewpoint of jurisdiction. The county and justice courts have no more power to inquire into and adjudicate title and homestead estates in realty attached under process issued out of those courts, than they have to make such inquiry and adjudication regarding realty levied upon under executions issued out of those courts. The holding in Baker v. Pitluk & Meyer that the justice and county courts have power to foreclose attachment liens necessarily imports that such foreclosure is not an adjudication of the validity of the attachment lien; and necessarily implies a denial of jurisdiction in those courts to inquire into these subjects.

The denial of the right to contest the validity of the attachment lien in the court from which the writ issues may in some instances work a hardship upon the defendant. But the situation is no different in attachment from what it is where the levy is under an ordinary execution issued after judgment. In either case the validity of the lien can only be adjudicated prior to the sale by a proceeding in equity in the district court.

The trial court's judgment is affirmed.