Carroll W. ROGERS, Appellant,

v.

TEXAS INDUSTRIES, INC., Appellee.

No. 3465.

Court of Civil Appeals of Texas.

Eastland.

Oct. 16, 1959.

Rehearing Denied Nov. 6, 1959.

Wagstaff, Harwell, Alvis & Pope, Roy L. Duke, Abilene, for appellant.

Thompson, Walker, Smith & Shannon, Fort Worth, McMahon, Smart, Sprain & Wilson, Abilene, for appellee.

GRISSOM, Chief Justice.

Texas Industries, Inc., sued Carroll W. Rogers and Elmer L. Coggins as partners

in the firm of Conotex Block Company for the unpaid balance of an account for building material amounting to $34,558.32. Rogers filed a verified answer that the account was not "just, correct and true; that the same is not due, and that this defendant does not owe the same, or any item of the same * * *." Rogers denied that he was, or ever had been, a partner of Coggins in Conotex Block Company. In the alternative, he alleged that, if such a partnership ever existed, the partnership existed only in Abilene and terminated about March 1, 1957; that the Abilene account had been paid and that Rogers did not owe plaintiff anything. Rogers denied he had ever been a partner with Coggins in the Conotex Block Company in San Angelo, but, he alleged that, if such a partnership ever existed in San Angelo, such partnership commenced after plaintiff had sold the material sued for and ended the first of March, 1947; that said debt had been paid and Rogers was not "indebted to the plaintiff for any merchandise sold to Conotex of San Angelo". Rogers denied he was ever a partner with Coggins in Conotex Block Company at Odessa. But, he alleged that, if such partnership ever existed, the partnership terminated before the debt sued on was incurred "and by reason thereof this defendant is not indebted to the plaintiff for any merchandise sold to Conotex Block Company of Odessa". Plaintiff answered that if Rogers was not a partner with Coggins in Conotex Block Company in Abilene, San Angelo and Odessa, that he so represented to plaintiff and induced it to sell on credit the merchandise sued for.

The case was submitted to a jury on twenty special issues. Issue one asked whether Rogers and Coggins were partners in the Abilene, San Angelo and Odessa offices of Conotex Block Company from September 25, 1956, to May 16, 1957, inclusive. The jury found that Rogers was a partner in all three cities during all said time. Said period covered the unpaid portion of the account sued upon. In answer to issue twenty the jury found that a reasonable attorney's fee was $3,500. Intervening issues were submitted conditionally and, because the jury found that Rogers and Coggins were partners in all of said offices throughout said period, answers thereto were not called for and the jury did not answer them. Said issues, among other things, inquired whether the partnership between Rogers and Coggins in the three different offices existed at times more limited than that inquired about in issue one. Others related to the question whether Rogers was estopped from denying he was a partner. The court rendered judgment against Rogers and Coggins for the full amount of the unpaid balance of the account, to-wit, $34,558.32, with interest and attorney's fees, and foreclosed an attachment lien on property of Rogers. Rogers has appealed.

■ Appellant contends the evidence is insufficient to support the answer to issue one and that said answer is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. Rogers admitted that for a period ending in March, 1957, he was a partner in Conotex Block Company in Abilene. It is undisputed that the Abilene office of said company was the central office for the business in said three towns and that the records for all were kept in Abilene; that all of the income from the other offices was funnelled into the Abilene office and all of the debts were paid through that office and that the Abilene office made all of the various and sundry reports required. The letterheads used on the stationery of Conotex Block Company showed that Rogers and Coggins were partners in all three towns. The various reports to the Federal Government, the Employment Commission, and the like, treated the affairs of Conotex in said three towns as one business, managed and directed from Abilene. The reports of withholding taxes, and the like, treated the employees of Conotex in said three towns as one business. Rogers and Coggins' bookkeeper at the

Abilene office during the time Rogers admitted he was a partner in the Abilene business testified that the capital accounts in the Conotex Block Company's records while he was so employed there showed that Rogers and Coggins were equal partners in all three towns. Some accounts from all of said offices were assigned by one instrument executed by both Rogers and Coggins. Employees of plaintiff testified that Coggins introduced Rogers to them as his partner and that Rogers represented to them that he was a partner and that he offered to execute a note for the entire debt sued for. Without discussing the testimony in further detail, we conclude there was sufficient evidence to sustain the jury's answer to issue one. After a careful consideration of the entire records, we conclude that said finding was not contrary to the overwhelming weight and preponderance of the evidence. Said points are overruled.

■ Rogers' second point is that the amount of the debt was a disputed issue which must be determined by a jury and that the court, having failed to submit that question to the jury, was not authorized to enter a judgment for the full amount of plaintiff's account. Rogers says plaintiff had the burden of establishing the amount due and that it was plaintiff's duty to request an issue as to the amount of the indebtedness, to which we agree, but he further contends that, since plaintiff failed to make such a request and the court failed to submit such issue, the court did not have authority to render judgment for the full amount sued for, in the absence of such a finding by the jury. We have carefully studied the record. The account was established by the best evidence available, by the records and the testimony of their custodians. Their testimony as to the amount was not contradicted. It was corroborated. In the trial, plaintiff's testimony as to the amount due was direct and positive and free from circumstances tending to cast. suspicion on it. Shield v. Shield, Tex.Civ.App., 286 S.W.2d 252 (Ref. NRE);

San Jacinto Rice Company v. Ulrich, Tex. Civ.App., 214 S.W. 777. After such testimony had been introduced, Rogers testified. Neither he nor Coggins nor their bookkeeper or other employees offered any evidence to contradict that of the plaintiff's manager and other employees showing that whoever constituted the partnership of Conotex Block Company in said towns owed the full amount of the account. The only real issue tried was whether Rogers was a partner in all of said towns during the period covered by the unpaid portion of the Conotex account. There was no real issue raised by the testimony on the trial as to the amount due. Plaintiff's manager testified that in June, 1947, Rogers raised a question as to the exact amount due on the account. That he and Rogers met to clear up the difference between their figures concerning the amount due on the account. He testified that Mr. Rogers wanted to check plaintiff's records to see if all the Conotex checks had been applied to payment of the Conotex account. He testified, "I didn't have my ledger sheets with me, so we went back over to Sweetwater and checked the ledger to see that those checks had been applied to his account, which they had been. Mr. Rogers was satisfied with that." He testified that Rogers had the cancelled checks of Conotex Block Company. That Rogers checked them against plaintiff's account and said he was satisfied. That they then checked plaintiff's invoices against the invoice records in Coggins' possession. That they discovered that the apparent discrepancy was caused by the fact that the manager of the San Angelo office of Conotex had not sent all his invoices to the Abilene office and Mr. Rogers was "disturbed about" this failure of said manager. He testified that Mr. Rogers said he was satisfied that plaintiff's records were correct and that the apparent difference was caused by such failure of the manager of the Conotex office at San Angelo. Mr. Rogers testified but he did not deny the foregoing clear and positive testimony that after checking Conotex checks,

which were in his possession, against plaintiff's records, and Conotex' invoices against plaintiff's invoices he agreed that the account was correct. His only testimony relative to the amount due on the account was an unresponsive reply when he was trying to fix the time when he learned that the Conotex letterheads showed he was a partner in the San Angelo and Odessa offices. For the purpose of fixing the time when he learned about these letterheads, he testified: "Oh yeah, it was when Mr. Elsner and myself went out * * * Mr. Coggins thought the amount they said he owed was too much and he asked me and I agreed to go with Mr. Elsner to Odessa to try to look through the records and to take his records and try to find out the amount that he actually owed. They were claiming about $40,000.00 and Mr. Coggins said it was too much and I was trying to help out all I could, in adjusting the account to see what it should have been." He did not deny that he checked Conotex' checks which were in his possession against plaintiff's account and the invoices, in Coggins' possession, against plaintiff's invoice records and agreed plaintiff's account was correct. One of Mr. Rogers' counsel testified that "It was later determined, after they made the trips somewhere, that the actual balance due was about $34,558.00—". The judgment was for $34,558.32. Certainly, if the defendants had actually questoined the amount due on the account they, or their bookkeeper or other employees of Conotex, could have introduced some evidence tending to discredit the undisputed evidence of plaintiff's representatives and the records showing that the amount for which judgment was rendered was correct and that Rogers checked the account and said it was correct. We hold that there was no dispute on the trial as to the amount of the debt. The issue tried was whether Rogers was a partner and, therefore, owed said account.

■ However, if we assume that the amount due on the account was made an issue of fact, nevertheless, the judgment

must be affirmed. The part of Texas Rules of Civil Procedure, rule 279 which is applicable here provides that where a ground of recovery consists of more than one issue and some issue necessary to sustain such ground of recovery, and necessarily referable thereto, is submitted to and answered by the jury, and another is omitted, without objection by defendant to the court's failure to submit plaintiff's said issue, and there is evidence to support such a finding thereon, the omitted issue shall be deemed as found by the court in such manner as to support the judgment. If the amount was an issue of fact, it was plaintiff's duty to tender such issue in substantially correct form and request the court to submit it. However, the court submitted an element of plaintiff's ground of recovery in issue 1. It was answered in favor of the plaintiff. Under that situation, before Rogers could complain of the court's action in finding the amount due, it was incumbent upon him to object to the charge because the court failed to submit that element of plaintiff's ground of recovery. R.C.P. 279 so provides. Judge Alexander, while Chief Justice of our Supreme Court so interpreted the rule. Vernon's Ann.Texas Rules (Franki), Rules 216 to 351 at pages 222, 223. See also Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ.App., 172 S.W.2d 991 (Writ Ref.); Lewis v. American Surety Co., 143 Tex. 286, 184 S.W.2d 137, 141; Hartford Accident & Indemnity Co. v. Morris, Tex. Civ.App., 233 S.W.2d 218 (RNRE); Hurst v. Webster, Tex.Civ.App., 252 S.W.2d 793 (RNRE); Texas & New Orleans Ry. Co. v. Sturgeon, Tex.Civ.App., 177 S.W.2d 340, reversed on other grounds 142 Tex. 222, 177 S.W.2d 264.

In North v. Atlas Brick Company, Tex. Com.App., 13 S.W.2d 59, 61, it was said:

"Next, it is complained the judgment for the plaintiff for the shop right is contrary to the verdict. Question No. 3, which has already been quoted, was designed to submit, and properly did submit, whether or not

the defendant, while in control and management of the plaintiff company and its properties, used the time, material, labor, and equipment of the company in aid of the discovery or invention of the Klinker brick. The matter thus submitted was not merely evidentiary, but it was a part, at least, of an ultimate controlling issue. If it did not contain all of the elements necessary to a recovery, it at least contained some indispensable elements, and therefore was a submission in part, at least, of the issue which we have held to have been well pleaded, and such issue cannot be held to have been waived under the rule announced in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084, and Bulin v. Smith, Tex. Com.App., 1 S.W.2d 591, for an issue submitted in part, or even defectively submitted, with the acquiescence of the parties, is not waived. It is like the ordinary issue of negligence in a personal injury case. The complete ultimate issue is usually made up of four elements or subsidiary issues, being those of (1) the fact alleged, (2) whether the same be negligence, (3) whether such negligence be the proximate cause of injury, and (4) the amount of damage. Now, if one or more of such elements, or issues as they are usually denominated, be submitted and the others not submitted nor requested to be submitted, such issue is not waived, but the court may find, and under the statute is deemed to have found, the unsubmitted issues in such way as to support the judgment rendered by him."

Said holding was expressly approved by the Supreme Court. Our Supreme Court in Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, 82, quoted the language of the North-Atlas case with approval. In the Pepper case one ground of recovery was partial destruction of plaintiff's cotton crop caused by defendant's negligently flooding his farm.

An element of that ground of recovery was submitted, inquiring how many bales of cotton plaintiff would have raised had his land not been so flooded. The jury found that he would have made twenty-eight bales. The jury was not asked to find the number of bales plaintiff actually raised. That issue was not requested. Apparently, defendant did not object to the failure to submit that issue. The court found that three bales of cotton were raised and rendered judgment for the loss of 25 bales. The Supreme Court affirmed the judgment of the Court of Civil Appeals which held that the trial court could make a finding on said omitted issue. Our Supreme Court reiterated its approval of the statement in the North-Atlas case that in an ordinary negligence case plaintiff's ground of recovery is made up of four elements, (1) the fact alleged, (2) negligence, (3) proximate cause and (4) the amount of damages. With reference to which it had held, "Now, if one or more of such elements, or issues as they are usually denominated, be submitted and the others not submitted or requested to be submitted, such issue is not waived, but the court may find, and under the statute is deemed to have found, the unsubmitted issue in such way as to support the judgment rendered by him." In Barron v. Texas Employers' Ins. Ass'n, Tex.Com.App., 36 S.W.2d 464, 468, the court submitted some of the issues necessary for a claimant's recovery in a compensation case. It did not submit the claimant's average weekly wage. It was held that it was presumed the court found plaintiff's average weekly wage in such manner as to support the judgment rendered.

In Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084, 1085, our Supreme Court said:

"To be sure, an unsubmitted fact issue, consistent with the issue or issues necessary to a recovery, and found by a jury, should be deemed as found by the court in such manner as to support the judgment, if there is evidence

to sustain such finding, as provided in the statute, but, as provided in the statute, only in support thereof, and not as a separate and independent finding of facts establishing a cause of action or a defense, and upon which to base a judgment. * * *

"It is a proper legal presumption that all correlated, supplemental, and supporting facts should be found in favor of a judgment, but separate and independent grounds of recovery not so submitted cannot be so presumed to exist, but must be held to have been waived by the party failing to ask their submission.

"When the omitted issue constitutes a complete ground of recovery, or a complete defense, a failure to request a submission of that issue waives said ground of recovery or said ground of defense."

In Nixon v. Hirschi, 134 Tex. 415, 136 S.W.2d 583, whether plaintiff made fraudulent representations relative to his homestead was an element of defendant's ground of defense. Its submission was not requested and it was not submitted. Our Supreme Court held that it would be presumed the court found such issue in a way that would support the judgment rendered. See also Craker v. City Transportation Company of Dallas, Tex.Civ.App., 316 S.W.2d 447, Dakan v. Humphreys, Tex.Civ.App., 190 S.W.2d 371, 376, and Hall v. Rawls, Tex.Civ.App., 160 S.W.2d 1005. Assuming that the amount due on the account was disputed on the trial by Rogers, its submission not having been requested and

it not having been given by the court, it was incumbent upon Rogers to object to the failure to submit it before he could complain of the court's presumed finding thereon. R.C.P. 279.

■ Appellant complains because the court refused to hear evidence in support of his claim that property attached was his business homestead. Rogers did not learn that this property had been attached until after the verdict had been returned. He then filed a motion to quash the attachment in which he alleged that certain property attached was his business homestead. He offered evidence in support thereof. Under the circumstances, the court did not err in refusing to then hear and determine the issue of homestead. Willis & Bro. v. Matthews, 46 Tex. 478, 483; Minnehoma Financial Co. v. Johnson, 152 Tex. 386, 258 S.W.2d 78, 80; Stewart v. Rockdale State Bank, Tex.Civ.App., 52 S.W.2d 915, affirmed 124 Tex. 431, 79 S.W.2d 116; Farmers' National Bank v. Daggett, Tex.Com.App., 2 S.W.2d 834; 6 Tex.Jur.2d 646. The question whether such property is Rogers' homestead has not been adjudicated and he is not precluded from raising that issue.

Appellant presents many points complaining of the admission of evidence. In some instances, evidence to the same effect was introduced by the defendant, or by the plaintiff, without objection by defendant.

We have considered all of appellant's points. We are convinced that reversible error is not shown. They are overruled. The judgment is affirmed.