**Hadley STEPHENS, Appellant,**

**v.**

**Willie M. HAMMERSLEY and Nora Hammersley, Appellees.**

**No. 2505.**

Supreme Court of Alaska.

June 14, 1976.

For Opinion on Rehearing Aug. 4, 1976.
See 552 P.2d 652.

---

**26.** Our resolution of this appeal has made disposition of the other issues raised by appellants unnecessary.

Douglas B. Baily, Anchorage, for appellant.

Albert Maffei, Anchorage, for appellees.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

## OPINION

BOOCHEVER, Chief Justice.

Hadley Stephens filed a complaint in the district court to foreclose a mechanic's and materialman's lien against real property owned by Willie and Nora Hammersley. Superior Court Judge Sanders was assigned to the district court to hear the case which, after trial, was dismissed because the judge believed that the district court lacked jurisdiction to foreclose liens against real property. The court held that a lien foreclosure suit must be commenced in superior court.

A timely appeal was taken to the superior court, which declined to rule on the appeal on the ground that a superior court judge sitting as an intermediate appellate court judge has no legal authority to rule on the decision of another superior court judge. The decision of the superior court has been appealed to this court. We thus are confronted with two issues: the jurisdiction of the superior court to review decisions of a superior court judge sitting on a district court case, and the jurisdiction of the district court in lien foreclosure suits.

When a judge sits by assignment in a specific court, he has the same jurisdiction as the judge in whose stead he presides,[1] and he acts in the same capacity as a regular member of that court.[2] The acts and decisions of the trial judge in this case were the acts and decisions of a district court judge.[3] Under Appellate Rule 45, a superior court judge, acting as an intermediate appellate court judge, may properly rule on decisions rendered by the district court,[4] and this is so regardless of the fact that a superior court judge was presiding. We therefore must reverse the decision of the superior court as to its jurisdiction to entertain the appeal from Judge Sanders' decision.

Normally, we would remand the case to the superior court for a ruling on the issue of whether the district court has jurisdiction over the lien foreclosure action. There have, however, already been a trial and two appeals in this matter, which initially involved a claim for $2,500.00. Since the issue of the district court's jurisdiction is one of first impression before this court and has been briefed and raised as an issue on the appeal to this court, we shall rule on this issue in the interest of judicial economy and to prevent, insofar as possible, undue expense to the litigants.

AS 22.15.030(a)(9) provides that the district court has jurisdiction of lien foreclosures as long as the amount of the lien does not exceed $10,000.00.[5] Nevertheless, the Hammersleys contend that the district court lacked jurisdiction as a result of AS 22.15.050(1) which provides:

> The jurisdiction of the district courts does not extend to
>
> (1) an action in which the title to real property is in question[.]

1. *McEachin v. Martin*, 193 Ark. 787, 102 S.W.2d 864, 868 (1937).

2. *State v. Crawford*, 207 Or. 76, 295 P.2d 174, 179 (1956); *In re Martin's Will*, 13 A.D.2d 497, 212 N.Y.S.2d 704, 705 (1961).

3. *State v. Vanderburgh Circuit Ct.*, 227 Ind. 353, 85 N.E.2d 254, 257 (1949); *Cormack v. Coleman*, 120 Fla. 1, 161 So. 844, 849 (1935).

4. *State v. Marathon Oil Co.*, 528 P.2d 293, 295 (Alaska 1974).

5. AS 22.15.030(a)(9) reads as follows:
   (a) The district court has jurisdiction of civil cases and proceedings as follows:

   .        .        .        .        .

   (9) for the foreclosure of a lien when the amount in controversy does not exceed $10,000[.]

They argue that since the lien in this case was on real property, AS 22.15.050(1) prevents the district court from exercising jurisdiction.

■ The original reason for this type of jurisdictional limitation was to prevent the complex and intricate questions which frequently arise in a title dispute from being decided by a court presided over by a person who was not learned in the law.[6] As applied to the district courts of this state however, the distinction is an anachronism, since a district court judge must be licensed to practice law in Alaska.[7] Nevertheless, the jurisdictional limitation remains. In light of the legal qualifications of present district court judges, however, we do not believe that the legislature intended that a district court lack jurisdiction under AS 22.15.050(1) unless, from the pleadings and the issues actually contested, title to property is clearly in issue.[8] Thus, a district court will not automatically be precluded from exercising jurisdiction merely because a lien is sought to be enforced on real property.[9] Nor, absent title disputes, will questions concerning the validity of a particular lien, such as whether a lien was properly filed, or questions as to

the amount of a lien automatically divest a district court of the power to proceed in an action.[10]

■ Based on the record on appeal before us, it does not appear that Stephens' claim of lien is dependent upon any disputed issue as to title. This case is remanded to the superior court with instructions to remand to the district court for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

ERWIN, Justice, concurs.

ERWIN, Justice (concurring).

While I concur with the majority opinion, I would not reach the question of whether or not the lien foreclosure action was properly filed in the district court, for that issue was not ruled upon by the intermediate appellate court. In cases of this nature, I think this court, as a matter of policy, should decide only those issues which have been determined by the intermediate appellate court. In this way the supreme court will have the benefit of the expertise of the lower court on issues which clearly affect their operation.

---

6. *See, e. g.,* Anno. "When title to real property deemed involved within contemplation of statute providing that justice of the peace (or similar court) shall not have jurisdiction of matters relating to title to land," 115 A.L.R. 504, 505 (1938).

7. AS 22.15.160(a). When the jurisdictional limitation now set forth in AS 22.15.050(1) was enacted after statehood, a person unlicensed to practice law could be appointed a district court judge, then called a district magistrate, if a competent, licensed attorney was not available for appointment. § 11, Ch. 184 SLA 1959. Now, not only must district judges be attorneys, but they are subject to the same appointive and retention election processes as are the judges of the superior court and the justices of the supreme court. AS 22.15.170(a), AS 22.15.195, AS 15.35.100–130.

8. AS 22.15.030(a)(9) authorizing actions for foreclosure of liens under $10,000.00 in dis-

trict courts was enacted subsequent to AS 22.15.050(1) prohibiting actions in district court where title to real property is at issue. Legislative intent to repeal an earlier statute by a later one will not be implied where the two statutes can be reconciled. J. Sutherland, Statutory Construction (4th ed.) § 23.10 at 230–31. Here the two provisions can be reconciled by holding that lien foreclosures under $10,000.00, including those on real property, are permissible as long as title to real property is not in question.

9. *Wheatley v. Blalock,* 82 Ga. 406, 9 S.E. 168 (1889). *See also Baker v. Pitluk & Meyer,* 109 Tex. 237, 205 S.W. 982 (1918); *Stewart v. Rockdale State Bank,* 52 S.W.2d 915 (Tex.Civ.App.1932), *affirmed,* 124 Tex. 431, 79 S.W.2d 116 (1935).

10. If, however, the amount of a lien exceeds $10,000.00, the district court lacks jurisdiction as the result of a separate prohibition contained in AS 22.15.030(a)(9).