David JOHNSON, Petitioner,

v.

Verne E. ROBINSON, Respondent.

No. 5948.

Supreme Court of Alaska.

Dec. 18, 1981.

Richard B. Brown, Faulkner, Banfield, Doogan & Holmes, Anchorage, for petitioner.

Elaine M. Andrews, Lane, Powell, Ruskin, Barker & Hicks, Anchorage, for respondent.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

Verne E. Robinson instituted a forcible entry and detainer action against David Johnson.[1] Johnson was served on October 4, 1980. After a hearing held in Unalaska, on October 8, 1980, Superior Court Judge Buckalew, sitting as a district court judge, rendered judgment in Robinson's favor. In part, Judge Buckalew concluded that Johnson had not "effectively raised the issue of title." On appeal to the superior court, Judge Moody affirmed the district court's judgment which required Johnson to vacate the premises. Thereafter, we granted the Johnson petition for hearing pursuant to Alaska R.App.P. 304.

AS 09.45.150 of Alaska's statutes governing forcible entry and detainer actions provides:

> In an action to recover the possession on the land, tenement, or other real property where the entry is forcible or when the possession is unlawfully held by force, there shall be no inquiry into the merits of the title.

In *Modrok v. Marshall*, 523 P.2d 172, 174 (Alaska 1974), we said, "It is well-settled that where title to the property is in dispute, dispossession by [forcible entry and detainer] may not be ordered."[2] Our review of the record in the case at bar persuades us that Johnson sought to question the validity of the townsite trustee's deed to Robinson of the real property.[3] In short, we hold that Johnson had introduced evidence which demonstrated that his claim to the title was not a sham.[4] Therefore, since Johnson attempted to litigate the merits of Robinson's title, his motion to dismiss the forcible entry and detainer action should have been granted pursuant to AS 09.45.150 and AS 22.15.050.

The superior court's affirmance of the district court's judgment is reversed, and the matter remanded to the superior court with directions to remand to the district court for the entry of an order dismissing the forcible entry and detainer action.[5]

1. Alaska's statutes pertaining to forcible entry and detainer are found at AS 09.45.060–.160. *See also* Alaska R.Civ.P. 85.

2. *See also* AS 22.15.050 which provides in part that "[t]he jurisdiction of the District Court does not extend to (1) an action in which the title to real property is in question."

For a discussion of the historical basis of this type of jurisdictional limitation and this court's criticism of such a limitation, *see Stephens v. Hammersley*, 550 P.2d 1268, 1270 (Alaska 1976).

3. A townsite trustee's grant of title can be set aside for "fraud, accident, or mistake." *Oswald v. Columbia Lumber Co. of Alaska*, 425 P.2d 240, 246 (Alaska 1967).

4. Mrs. Johnson testified that she and her husband were the occupants of the property at the time title to it was granted to Robinson and, further, that she and her husband had made the improvements upon which the trustee's deed was based.

5. *See* the following critical analyses of forcible entry and detainer laws: Clocksin, *Alaska's Summary Eviction Law—A Confused Anachronism*, 4 UCLA—Alaska L.Rev. 56 (1974); Clough, *The Case Against the Doctrine of Independent Covenants: Reform of Oregon's FED Procedure*, 52 Or.L.Rev. 39 (1972); Note, *California Unlawful Detainer Procedure—A Proposed Legislative Change*, 21 Hastings L.Rev. 491, 498–506 (1970).