**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**The FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for MBank Houston, N.A. and The Deposit Insurance Bridge Bank, N.A., Intervenors–Appellees,**

v.

**Suzan E. TAYLOR, d/b/a Exploration Services, Defendant–Appellant.**

Nos. 89–2328, 89–2373.

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 1989.

Hayden Burns, Houston, Tex., for defendant-appellant.

Robert D. Daniel, Preston T. Towber, Hirsch & Westheimer, Houston, Tex., for FDIC & DIBB.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., Margaret Hewing, Anthony J. Steinmeyer, U.S.D.J., Civ. Div., Federal Programs, Washington, D.C., for U.S.

Blake Tartt, Fulbright & Jaworski, Houston, Tex., for FDIC.

Jeff Joyce, Ann Ryan Robertson, Dallas, Tex., Blake Tartt, Tom Cunningham, Houston, Tex., for FDIC, Receiver and the Deposit Ins. Bridge Bank.

Before CLARK, Chief Judge, JOHNSON and SMITH, Circuit Judges.

CLARK, Chief Judge:

The United States of America filed this action on behalf of the Office of the Comptroller of the Currency (OCC). The United States brought the action to enjoin Susan E. Taylor d/b/a Exploration Services (Taylor) from filing an abstract of a state court judgment which would create a lien on property owned by MBank Houston, N.A. (MBank). The district court granted a preliminary injunction and ordered Taylor to release an abstract of judgment previously filed. We affirm.

## I.

On February 27, 1989 Taylor obtained a $9.6 million judgment against MBank in a Texas state district court. The state court denied MBank's requests for an order prohibiting Taylor from filing an abstract of the judgment. On March 1, 1989, prior to exhaustion of the appellate process, Taylor filed an abstract of the judgment with the Harris County Clerk. Under Texas law, the recorded abstract of judgment created a lien on all the real property of MBank

located in Harris County, Texas. Tex. Prop.Code Ann. § 52.001 (Vernon 1984).

Also on March 1, 1989, the United States, on behalf of the OCC, filed this action in federal district court seeking a temporary restraining order and a preliminary injunction prohibiting Taylor from filing an abstract of judgment. The action was based on 12 U.S.C. § 91, which prohibits the issuance of an attachment, injunction, or execution against a national bank or its property prior to a final judgment. The district court signed a temporary restraining order, but not until nine minutes after Taylor had filed the abstract of her state court judgment.

On March 21, 1989, the district court granted a preliminary injunction and ordered Taylor to withdraw the abstract of judgment previously filed.[1] In response to the order, Taylor filed a notice in the Harris County property records announcing involuntary withdrawal of the abstract of judgment subject to appeal. On April 18, 1989, the district court ordered Taylor to completely release the abstract of judgment or be held in contempt. Taylor appeals the preliminary injunction and the order requiring release of the abstract of judgment.

## II.

■ Taylor initially argues that the United States lacks standing to bring this action because it has not pled a sufficient governmental interest at stake. However, by pleading and affidavit, the United States has asserted that the OCC has a supervisory and regulatory interest in enforcing the safeguards mandated by 12 U.S.C. § 91. This interest stems from the OCC's obligation to ensure the safety and soundness of the national banking system for the benefit of depositors and the general public. *See* 12 U.S.C. § 1 *et seq.* The OCC's interest provides sufficient standing for the United States to bring this action. *United States v. Lemaire*, 826 F.2d 387, 388 n. 1, 390 (5th Cir.1987), *cert. denied*, — U.S. ——, 108 S.Ct. 1223, 99 L.Ed.2d 423 (1988).

■ Taylor next argues that 12 U.S.C. § 91 does not prohibit the filing of an abstract of judgment. Section 91 reads as follows:

All transfers of the notes, bonds, bills of exchange, or other evidences of debt owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate, or of judgments or decrees in its favor; all deposits of money, bullion, or other valuable thing for its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by this chapter, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void; and no attachment, injunction, or execution, shall be issued against such association or its property before final judgment in any suit, action, or proceeding, in any State, county, or municipal court.

12 U.S.C. § 91.

Taylor does not argue that her judgment is final. Prior to conclusion of the appellate process it is not. *Lemaire*, 826 F.2d at 390. Rather, Taylor asserts that section 91 applies only to seizures of assets and not to the perfection of a judgment lien by recording an abstract of judgment. Taylor relies on the fact that the last clause of section 91 expressly prohibits only attachments, injunctions, or executions, but does not mention abstracts of judgment. However, under Texas law an abstract of judgment is functionally equivalent to an attachment in that "[e]ach fixes a lien upon the title of the debtor subject to execution; which lien, in either event, is foreclosed through sale under execution." *Stewart v. Rockdale State Bank*, 52 S.W.2d 915, 916 (Tex.Civ. App.1932), *aff'd*, 124 Tex. 431, 79 S.W.2d 116 (1935). *See* Tex.Civ.Prac. & Rem.Code Ann. § 61.061 (Vernon 1986) (attachment);

---

1. MBank was declared insolvent on March 28, 1989, and the Federal Deposit Insurance Corporation, as receiver for MBank, has intervened in this case in support of the United States.

Tex.Prop.Code Ann. § 52.001 (Vernon 1984) (abstract of judgment). An abstract of judgment is also similar to an injunction in that the lien created by an abstract of judgment prohibits a national bank from freely transferring its property. *Third National Bank in Nashville v. Impac Ltd., Inc.*, 432 U.S. 312, 97 S.Ct. 2307, 2314 n. 18, 53 L.Ed.2d 368 (1977).

Furthermore, the Supreme Court has ruled that section 91 is not to be given a completely literal meaning. *See Impac Ltd.*, 97 S.Ct. at 2312. We have not limited section 91 to the prohibitions expressly mentioned and have construed the statute to prohibit garnishment of a national bank's property prior to a final judgment. *Lemaire*, 826 F.2d 387. A non-restrictive reading of section 91 is necessary to effectuate the statutory purpose, which is to "prevent creditors from obtaining preferential treatment by court action, including the securing of a judgment at the trial court level." *Lemaire*, 826 F.2d at 390. In this case, the district court correctly found that by filing an abstract of judgment and obtaining a lien on MBank's property, Taylor would secure preferential treatment over the other general creditors of MBank. Such action prior to a final judgment would violate 12 U.S.C. § 91.

Taylor asserts that if she is not allowed to file an abstract of judgment, other creditors with liens against MBank's property will obtain a preference over her claims. However, 12 U.S.C. § 91 does not prohibit all liens against the property of a national bank, only those obtained prior to a final judgment. Even if the other creditor's liens acquire precedence, that would not justify Taylor's attempt to obtain preferential treatment for her lien prior to a final judgment—a form of preference prohibited by section 91.

■ Taylor next argues that the district court erred in granting a preliminary injunction without balancing the competing claims of injury and considering the public interest. Generally, in order to secure a preliminary injunction, the movant must prove 1) a substantial likelihood of success on the merits; 2) a substantial threat of irreparable injury if the injunction is not issued; 3) the threatened injury to the movant outweighs any damage the injunction might cause to the opponent; and 4) the injunction will not disserve the public interest. *Enterprise Int'l v. Corporacion Estatal Petrolera*, 762 F.2d 464, 471 (5th Cir.1985). However, if a statutory violation is involved and the statute by necessary and inescapable inference requires injunctive relief, the movant is not required to prove the injury and public interest factors. *Amoco Production Co. v. Village of Gambell, Alaska*, 480 U.S. 531, 107 S.Ct. 1396, 1402–03, 94 L.Ed.2d 542 (1987); *United States v. Hayes International Corp.*, 415 F.2d 1038, 1045 (5th Cir.1969). In this case the district court correctly concluded that the purpose of section 91—to prevent a creditor from obtaining preferential treatment prior to a final judgment—requires injunctive relief once a statutory violation is shown. Accordingly, the district court did not err in granting the preliminary injunction without requiring specific proof on the injury and public interest factors.

■ Finally, Taylor argues that the district court erred in requiring Taylor to release her abstract of judgment. Taylor acknowledges that the district court has the equitable power to return the parties to their last uncontested status. *See Canal Authority v. Callaway*, 489 F.2d 567, 576 (5th Cir.1974). Taylor argues, however, that the court erred in finding that the last uncontested status was the situation of the parties prior to the filing of Taylor's abstract of judgment. The record shows that Taylor's right to file an abstract of judgment was contested from the time the state court judgment was rendered. Taylor's action in filing the abstract remains the core of the present controversy. The finding of the district court that the last uncontested status was prior to the act of filing is not clearly erroneous.

The district court's judgment and order are

AFFIRMED.