## JOHNSON v. CLEMMONS.

(Court of Civil Appeals of Texas. Galveston. June 26, 1913.)

COURTS (§ 170*)—COUNTY COURT—JURISDICTION—AMOUNT INVOLVED.

　　In an action to enjoin trespasses on real estate pending a suit to try title thereto, the county judge had no jurisdiction to grant a temporary injunction where the petition did not allege the value of the land involved.

　　[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 170.*]

Appeal from Tyler County Court; A. G. Reid, Judge.

Action by J. W. Clemmons against C. Johnson. From an order granting a temporary injunction, defendant appeals. Reversed, and temporary injunction set aside.

REESE, J. This is an appeal from an order of the county judge of Tyler county, made in chambers and without notice to the defendant, granting a temporary injunction on the application of the appellee enjoining and restraining defendant in that suit, appellant here, "from further fencing or trespassing on" certain lands and premises described in the petition. The record contains the petition for injunction, which is the sole object of the suit, the judge's order, and the appeal bond of appellant. There is in the record also an answer of appellant and a

─────────

motion to dissolve which were presented to the court in session immediately after the granting of the writ, but which the court declined to pass upon for want of the 10 days' notice required by statute and which it is not necessary to consider. The petition was filed and the order made March 6, 1913.

The petition upon which the injunction was granted alleged substantially that on the ———day of February, 1913, in a certain suit in the district court of Tyler county, a judgment was rendered in favor of C. Johnson against J. W. Clemmons for the land referred to and described in the petition, that the said Clemmons perfected an appeal from said judgment by giving a supersedeas bond, but that the defendant Johnson "is preparing to and in fact beginning to fence and take forcible possession of the said tract of land to the damage of petitioner and in violation of his rights, which he cannot do in law or equity until the final judgment of the Court of Civil Appeals of the First Supreme Judicial District at Galveston, Texas, and the Supreme Court." The appeal and supersedeas takes the case referred to in the petition into this court, where it is presumably now pending. But, passing this ground of objection to the action of the county judge, this case falls precisely within the principle decided by the Supreme Court in De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882. In that case Wischkemper applied to the county court for an injunction enjoining and restraining a road overseer from opening up a road for the use of the public over his land. A temporary writ was granted, and upon trial in the county court was made perpetual. On appeal to the Court of Civil Appeals the question of the jurisdiction of the county court in the premises was certified to the Supreme Court. It was held that the county court had no jurisdiction to issue the writ. The case is on all fours with the present case. In that case, as in this, no value of the subject-matter of the suit is alleged. The county judge was without authority to order the temporary writ of injunction.

The order appealed from is reversed, and the temporary writ of injunction annulled and set aside.