BENAVIDES v. BENAVIDES. (No. 5406.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 17, 1915.)

1. COURTS ⊚⇒163 — JURISDICTION — COUNTY COURT.

The county court may issue injunction in proper cases where the damages alleged are within its jurisdiction, but, having no jurisdiction of a forcible detainer suit, or of trespass to try title, has no jurisdiction in an action for possession to enjoin a defendant from building a fence and cutting timber, and to order the removal of the fence already built, since the statute fixing the jurisdiction for trial of the title to or possession of land cannot be made nugatory simply because an injunction is prayed on the ground of irreparable injury.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 410–411, 443, 479, 1294; Dec. Dig. ⊚⇒163.]

2. COURTS ⊚⇒163 — JURISDICTION — TITLE — COUNTY COURT.

Jurisdiction of a forcible detainer suit is in the justice's court, and not in the county court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 410–411, 443, 479, 1294; Dec. Dig. ⊚⇒163.]

3. COURTS ⊚⇒163—JURISDICTION—TITLE.

The district court, to the exclusion of the county court, has jurisdiction of an action of trespass to try title.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 410–411, 443, 479, 1294; Dec. Dig. ⊚⇒163.]

Appeal from County Court, Brooks County; J. A. Brooks, Judge.

Action by Jesus G. Benavides against Luis G. Benavides. Judgment for plaintiff, and defendant appeals. Reversed and dismissed.

T. Wesley Hook, of Kingsville, for appellant. Jno. C. North, of Falfurrias, for appellee.

CARL, J. This suit was brought in the county court of Brooks county, for injunction and for damages, by Jesus G. Benavides against his brother Luis G. Benavides. The plaintiff alleged that he owned or controlled 150 acres of land out of "La Encatada" grant, which he, with others, fenced in 1910 and had lived upon continuously since that date; that 90 acres comprised the farm, and a fence was around his residence, and on a part of the land was standing timber; that defendant had no right to any part of said premises; and without the plaintiff's consent had entered upon said premises and was erecting a fence, running across his yard, cutting plaintiff's farm off from the rest of his land; that defendant was cutting fence posts on said land out of the timber thereon situated, to plaintiff's damage $250, and unless restrained by injunction would further damage plaintiff. The prayer was for an injunction restraining from fence building and timber cutting, and commanding the removal of the fence already built and for damages. The injunction was issued as prayed. In the amended petition plaintiff alleged that he owned in fee simple

a certain 50 acres of said "La Encatada" grant, on which he had certain improvements consisting of a house, well, outhouses, fences, etc.; that said 50 acres was within a larger inclosure containing 333⅔ acres in addition to said 50 acres, said 333⅔ acres belonging to his brother Simon Guzman Benavides and of which plaintiff had possession and control jointly with other heirs, and of which he had 30 to 60 acres under cultivation; that all of said land was inclosed under a good fence erected by plaintiff and other persons since 1910, during which time plaintiff had used and enjoyed it, the whereabouts of the said Simon Guzman Benavides being unknown; that plaintiff was entitled to the use and possession of said land, and defendant had no interest in the same. It was further alleged that Luis Benavides had entered upon said land and was erecting a fence, cutting posts, etc., and other allegations and prayer as before. The defendant denied that the plaintiff owned 50 acres of said land, or that Simon G. Benavides owned 333⅔ acres of which plaintiff had possession, and claimed that he, defendant, owned a one-third interest of said 333⅔-acre tract. He also denied that he was running a fence so as to separate plaintiff's house from his barn and outhouses, or that his fence run across any of plaintiff's land. He also alleged that plaintiff was attempting to hold a little field in one part of the 333⅔ acres and another little field in another part of said tract of 333⅔ acres.

The prayer upon which the injunction was granted is as follows:

"Wherefore, premises considered, plaintiff prays the court for a writ of injunction, restraining the defendant from erecting said fence and from cutting said timber upon said premises, and requiring defendant to take down said fence now erected, and restraining him from selling, drawing away, or interfering with such timber as has already been cut and still remains upon said premises, and from entering upon and do any act or thing in connection with said land and premises and said timber, except to remove that part of said fence now erected; that said defendant be cited to appear and answer this petition; that plaintiff have judgment that said injunction be made perpetual, and for his damage aforesaid and costs of suit, and for such other and further relief in law and in equity to which he may show himself entitled, and will ever pray."

While this is called a suit for injunction and for damages, it is unquestionably an action for the recovery of the possession of the land. On the trial of the cause no evidence whatever was introduced to prove the cause for damages, and that phase of the case was completely abandoned. The question of title to the land, as between these heirs of Domingo Benavides, was directly involved in the suit; in fact the plaintiff pleaded his rights under Simon Guzman Benavides, one of the heirs, who had gone away and had not been heard from. And the parties to this suit are brothers, each claiming to inherit from or hold under Simon's title.

[1] The county court may issue injunctions in proper cases where the damages alleged are within the jurisdiction of that court. De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Johnson v. Clemmons, 158 S. W. 797; McCall v. Page, 155 S. W. 655. But these same cases hold that the county court would not have authority to issue an injunction where it would not have jurisdiction to try a case involving the amount sought to be restrained. As said in the McCall Case, supra:

"And it is clear that, as the county court has no power or authority to try title to real estate, it could not grant an injunction to restrain the sale of a homestead, no matter if it was the separate estate of the wife or not. In order to try the issue as to the perpetuation of the injunction, it was necessary to try the question of homestead and the separate character of the estate. County courts have no authority to try such matters."

[2, 3] This suit sought to have the fence removed; in other words, sought to regain possession of the land. And from the viewpoint of a forcible detainer suit, the justice's court would have jurisdiction. If it be looked at as a trespass to try title suit, which it seems is, in substance, clearly involved, the district court would alone have jurisdiction. The case must necessarily be tried upon one of these theories, since title to the land or right to the possession is involved in either event. This being true, the county court never acquired jurisdiction, and it matters not that the damage alleged was within the jurisdiction of the county court. We need not comment upon the fact that no effort was made to prove any damages. The real issue was either one of forcible entry and detainer or of trespass to try title, on either of which issues the county court was without power to try the cause. Where the right to possession of land, or the matter of title, are the real issues in a case, the statutes fixing the jurisdiction for the trial of such causes may not be set aside and rendered nugatory simply because an injunction is prayed for on the ground that an irreparable injury is about to be inflicted. Having no jurisdiction of the subject-matter of the suit, the county court had no power to grant the injunction.

The judgment of the trial court is reversed, the injunction dissolved, and the cause dismissed.

Reversed and dismissed.