

# NUMBER 13-20-00017-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JERRY PEREZ D/B/A/
LIGHTHOUSE INVESTMENTS,                                    Appellant,

## v.

DITECH SERVICING, LLC,                                    Appellee.

### On appeal from County Court at Law No. 4
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant Jerry Perez d/b/a Lighthouse Investments (Perez) appeals the statutory county court's granting of summary judgment in favor of appellee Ditech Servicing, LLC. By his sole issue, Perez argues that the statutory county court lacked subject-matter jurisdiction to order a foreclosure. We vacate and dismiss.

## I. BACKGROUND

This appeal is before us for a second time.[1] *See Ditech Servicing, LLC v. Perez*, No. 13-17-00123-CV, 2018 WL 4171358, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2018, pet. denied) (mem. op.).

In 2010, Perez purchased real property. Pursuant to a deed of trust, Bank of America (BOA) initiated proceedings to foreclose on the property. In December 2011, in statutory county court, Perez sued BOA asserting BOA waived its right to foreclose on the property and said foreclosure was barred by laches. *Id.* BOA filed a counterclaim for judicial foreclosure. *Id.* During the pendency of the case, BOA assigned its rights under the deed of trust to Ditech. *Id.* After a bench trial, the statutory county court ruled in favor of Perez, awarded Perez attorney's fees, and ordered that Ditech take nothing on its counterclaim for judicial foreclosure. *Id.* at *2. Ditech appealed.

This Court reversed the judgment of the statutory county court and remanded the case for consideration of the award of attorney's fees. *Id.* at *6. On remand, Ditech moved for summary judgment on its counterclaim for judicial foreclosure and sought attorney's fees. Perez responded challenging the statutory county court's subject-matter jurisdiction over the lawsuit. The statutory county court entered summary judgment in favor of Ditech, and Perez now appeals.

---

[1] We will not repeat the background facts of the underlying case in this memorandum opinion as they are set out in our previous memorandum opinion. *See Ditech Servicing, LLC v. Perez,* No. 13-17-00123-CV, 2018 WL 4171358, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2018, pet. denied) (mem. op.).

## II.    JURISDICTION

In his sole issue, relying on our previous opinion in *Escobar v. Garcia*, Perez asserts the statutory county court lacks subject-matter jurisdiction to order foreclosure. *See* No. 13-12-00596-CV, 2014 WL 2069352, at *1 (Tex. App.—Corpus Christi–Edinburg May 15, 2014, pet. denied) (mem. op.). The entirety of Perez's argument is as follows:

> [Ditech] sought a recovery of land. The Court decided a question of title when it rendered judgment for [Ditech]. Tex. Gov't Code § 26.043(8)—which was held to deprive Hidalgo County Court At Law Number Five of real estate subject matter jurisdiction in Escobar v. Garcia—likewise deprives the Hidalgo County Court at Law Number 4 of jurisdiction of the instant case.

This contention requires us to examine several provisions of the government crode, which establish the jurisdiction of statutory county courts like Hidalgo County Court at Law Number Four.

### A.    Applicable Law

Before a court may address the merits of any case, the court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the judgment, and capacity to act as a court. *The State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994); *see also Escobar*, 2014 WL 2069352, at *2. If the court lacks jurisdiction, then its judgment is a nonbinding advisory opinion prohibited by Texas law. *Gomez*, 891 S.W.2d at 245; *see also Escobar*, 2014 WL 2069352, at *2. Whether a court has subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

To construe a statute, we give effect to the Legislature's intent, which requires us to first look to the statute's plain language. *Lippincott v. Whisenhunt*, 462 S.W.3d 507,

3

509 (Tex. 2015); *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). If that language is unambiguous, we interpret the statute according to its plain meaning. *Lippincott*, 462 S.W.3d at 509; *Leland*, 257 S.W.3d at 206. We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted. *Lippincott*, 462 S.W.3d at 509; *see In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008).

## B.    Analysis

The Hidalgo County Court at Law Number Four is a statutory county court. *See* TEX. GOV'T CODE ANN. § 25.1101(a)(3) (listing the statutory county courts in Hidalgo County). Statutory county courts have "jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for [constitutional] county courts." *Id.* § 25.0003(a). The general provision for jurisdiction of a county court, sometimes referred to as a constitutional county court, is § 26.042 of the government code. *See id.* § 26.042. More important to our analysis, however, are matters over which the constitutional county courts do not have jurisdiction. *Id.* § 26.043 ("Civil Matters in Which County Court is Without Jurisdiction."). Specifically, § 26.043 provides that: "A county court does not have jurisdiction in . . . a suit for the recovery of land." *Id.* § 26.043(8).[2] This provision is particularly important because it is referenced in § 25.0003(a) of the government code, which is the general jurisdiction statute for all statutory county courts at law. *Id.* § 25.0003(a). In Hidalgo County, in addition to the jurisdiction provided by

---

[2] It is well-settled that a county court lacks authority to try any case in which the title to land is at issue. *See, e.g., Bradley v. Love*, 60 Tex. 472, 476 (Tex. 1883); *Stewart v. Rockdale State Bank*, 79 S.W.2d 116, 117 (Tex. 1935); *Coughran v. Nunez*, 127 S.W.2d 885, 888 (Tex. 1939); *see also Benavides v. Benavides*, 174 S.W. 293, 294 (Tex. Civ. App.—San Antonio 1915, no writ).

4

§ 25.0003, a statutory county court at law has "concurrent jurisdiction with the district court in: (1) family law cases and proceedings; and (2) civil cases in which the matter in controversy does not exceed $750,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the page of the petition." *Id.* § 25.1102(a).

Ditech relies on this provision to argue that Hidalgo County Court at Law Number Four has jurisdiction to decide issues of title if the amount in controversy is less than $750,000. We disagree. Adopting this approach would render the unambiguous text in § 25.0003(a) meaningless, which provides that statutory county courts have the same jurisdiction as constitutional county courts. Agreeing with Ditech's proposed statutory interpretation requires that we ignore the fact that the Legislature expressly expanded the jurisdiction for certain statutory county courts to decide issues that § 26.043 divests. For example, the Legislature specifically extended the jurisdiction of Harris County statutory county courts to include controversies involving title to real property. *See id.* § 25.1032(d)(1). Likewise, the Legislature extended the jurisdiction of the statutory county courts in Tarrant County and Starr County to include issues of title. *See id.* § 25.2222(b)(5); *id.* § 25.2162(a)(2). A plain reading of § 25.1102(a) does not grant Hidalgo County statutory county courts with jurisdiction to hear disputes involving title to real property. *Id.* § 25.1102(a). Instead, the Legislature only expanded the jurisdiction of Hidalgo County statutory county courts based on the *amount* in controversy and not on the *type* of claim that § 26.043 restricts. *See id.*; *AIC Mgmt. v. Crews*, 246 S.W.3d 640, 644 (Tex. 2008) (providing that the Legislature vested jurisdiction in the Harris County

5

county courts based on the type of claim rather than the amount in controversy). Therefore, we conclude that the limitations of § 26.043 are applicable to the Hidalgo County Court at Law Number Four because there is no provision expressly granting Hidalgo County the authority to decide these issues.

Here, Ditech sought to foreclose on real property in which Perez claims to have an interest. Ditech does not cite, nor are we able to find, authority granting Hidalgo County Court at Law Number Four jurisdiction to adjudicate a title dispute or a suit to quiet title. *See In Re Riley*, 339 S.W.3d 216, 220 (Tex. App.—Waco 2011, orig. proceeding) ("Today, statutory county courts do not have jurisdiction of 'suits for the recovery of land' unless provided by statute."); *Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 643 (Tex. App.—Austin 2008, no pet.); *see also Escobar*, 2014 WL 2069352, at *1. Accordingly, we conclude the Hidalgo County Court at Law Number Four does not have jurisdiction to determine issues of title. *See Loville v. Loville*, 944 S.W.2d 818, 819 (Tex. App.—Beaumont 1997, writ denied) (holding that a statutory county court lacked jurisdiction over suit seeking recovery of land because § 26.043 limited the jurisdiction of the statutory county court to that of the constitutional county court); *see also Chambers v. Pruitt*, 241 S.W.3d 679, 684 (Tex. App.—Dallas 2007, no pet.) ("District courts generally have exclusive jurisdiction to determine title to real property."). We sustain Perez's sole issue.[3]

---

[3] On June 26, 2020, Ditech filed a "Motion for Damages for Frivolous Appeal." We deny Ditech's motion.

**III.     CONCLUSION**

We vacate the judgment of the trial court and dismiss for want of jurisdiction. *See*

Tex. R. App. P. 43.2(e).

JAIME TIJERINA
Justice

Delivered and filed on the
18th day of November, 2021.