

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00309-CV

**KRISTIN L. PERRYMAN,**

                                                                **Appellant**

 **v.**

**COTTONWOOD BEND RANCH LLC, WELDON W. ALDERS, AND TRINITY MATERIALS, INC.,**

                                                                **Appellees**

### From the County Court at Law
### Navarro County, Texas
### Trial Court No. C17-26187-CV

## MEMORANDUM OPINION

On June 30, 2021, this Court issued an opinion and judgment reversing the trial court's final judgment and dismissing the case. *See generally Perryman v. Cottonwood Bend Ranch, LLC*, No. 10-19-00309-CV, 2021 Tex. App. LEXIS 5228 (Tex. App.—Waco June 30, 2021, no pet. h.) (mem. op.). Appellees, Cottonwood Bend Ranch, LLC, Weldon W. Alders, and Trinity Materials, Inc., have filed a motion for rehearing. Appellant, Kirstin L. Perryman Sr., filed a response to appellees' motion for rehearing. After reviewing the

motion for rehearing and response thereto, we grant the motion for rehearing with respect to appellees' request to modify the judgment to reflect that the dismissal in this case is not with prejudice.[1] Accordingly, we withdraw our memorandum opinion and judgment issued on June 30, 2021, and substitute this opinion and judgment.

In four issues, Perryman challenges a final judgment entered in favor of appellees. Because we sustain Perryman's first issue, we reverse and dismiss the case.

## BACKGROUND

This dispute pertains to Perryman's use of a levee roadway to access property he and his family own. In their first amended petition, appellees alleged that:

> On or about August 31, 2010, or at some unknown time thereafter, Kristin Perryman, purporting to act as the President of the Levee Improvement District, attempted to give himself the right to use a levee that runs on the Property in order to obtain access to property that he or his family owned. That right was memorialized in a written document ("the Authorization"), a true and correct copy of which is attached hereto as Exhibit A. Plaintiffs didn't learn about the existence or contents of the Authorization until very recently.

Appellees sought to remove a cloud on title to the property and requested declarations from the trial court that: (1) "[t]he Authorization is not valid or enforceable because the Levee Improvement District was not authorized by its easement to grant Perryman the

---

[1] Appellees argue that the case can be transferred to the district court in Navarro County and should not be dismissed with prejudice. While we agree it should not be dismissed with prejudice, nothing herein should be construed as holding or commenting upon whether the matter is or can be properly filed in Navarro County. Moreover, we express no opinion regarding appellees' contention that the jurisdictional issue can be remedied by an order of the court without jurisdiction ordering the case transferred to another court.

Authorization"; (2) "[t]he Authorization is not valid or enforceable because it was not obtained in connection with a properly noticed and called meeting under Texas Open Meetings Act"; (3) "[t]he Authorization is not valid or enforceable because there [sic] no meeting of the Levee Improvement District where the Authorization was approved. It is a forged government document"; (4) "[t]he Authorization is not valid because Perryman, acting on behalf of Levee Improvement District, didn't have the express or implied authority to execute the Authorization"; (5) "[t]he Authorization is not valid or enforceable because it violated the Statutes of Frauds"; and (6) "[t]he Authorization is not valid or enforceable because it was improperly obtained." Appellees also requested temporary and permanent injunctions to prevent Perryman, his successors, assigns, and others associated with him from entering on or upon appellees' property.

After close to a year of litigation, Perryman disclaimed any right or benefit from the Authorization, and the disclaimer was adopted by the Levee District Board. Thereafter, appellees filed a traditional motion for summary judgment, arguing that the Authorization was not valid or enforceable. In their motion, appellees also sought to permanently enjoin Perryman from using their property to access his property.[2]

---

[2] In their motion for injunctive relief, appellees noted that: "The attached affidavits identify the properties owned by each of the Plaintiffs and over which the Levee runs that was referenced in the Authorization. Since the Authorization is no longer valid or enforceable, the purported right to use the Levee located on the Plaintiffs' properties is non-existent."

Perryman v. Cottonwood Bend Ranch LLC, et al.                                                  Page 3

Perryman filed a response to appellees' summary-judgment motion, as well as a motion to dismiss for lack of jurisdiction or, in the alternative, a plea in abatement.[3]

The trial court denied Perryman's motion to dismiss and plea in abatement. Subsequently, Perryman filed an unverified motion to recuse. Perryman amended his motion to recuse three days prior to the hearing on appellees' summary-judgment motion and request for injunctive relief.

The trial court denied Perryman's motion to recuse and, in its final judgment, granted summary judgment in favor of appellees and permanently enjoined Perryman from traveling on or upon appellees' property.

## JURISDICTION

In his first issue, Perryman asserts that the trial court was without jurisdiction to hear this matter for two reasons. Perryman alleges that jurisdiction lies in Henderson County, Texas, because this matter concerns the Henderson County Levee District No. 3. Perryman also argues that the county court at law from which this case is appealed does not have jurisdiction over matters involving title to real estate.

---

[3] In response to the motion for summary judgment, Perryman asserted various facts and theories under which he, and others, had the authority to use the levee road to access private and public property, including that it was a public road, an easement by necessity, and an easement by prescription. Because of our disposition of Part 2 of the first issue, we do not reach the issue which challenges the ruling on the motion for summary judgment.

**Standard of Review**

In this issue, Perryman complains about the trial court's denial of his motion to dismiss for lack of jurisdiction. Essentially, what Perryman filed was a plea to the jurisdiction. A plea to the jurisdiction seeks dismissal of a case or a cause of action for lack of subject-matter jurisdiction. *See Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject-matter jurisdiction involves a court's power to hear a case or cause of action. *Tellez v. City of Socorro*, 226 S.W.3d 413, 413 (Tex. 2007) (per curiam). We review the trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). When such a plea challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Id.* at 226; *see Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). If the plea to the jurisdiction challenges the existence of jurisdictional facts, we consider the relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Miranda*, 133 S.W.3d at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* at 227-28. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* Further, we take

as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id.* at 228.

**Jurisdiction of the County Court at Law of Navarro County**

In his second argument in this issue, Perryman contends that the County Court at Law of Navarro County lacked jurisdiction over this dispute because statutory county courts do not have jurisdiction over matters involving title to real estate. This contention requires us to examine several provisions of the Government Code, which establish the jurisdiction of statutory county courts like the County Court at Law of Navarro County.

In construing a statute, we give effect to the Legislature's intent, which requires us to first look to the statute's plain language. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015); *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). If that language is unambiguous, we interpret the statute according to its plain meaning. *Lippincott*, 462 S.W.3d at 509; *Leland*, 257 S.W.3d at 206. We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted. *Lippincott*, 462 S.W.3d at 509; *see In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008).

"Navarro County has one statutory county court, the County Court at Law of Navarro County." TEX. GOV'T CODE ANN. § 25.1771. As stated above, the jurisdiction of the County Court at Law of Navarro County is in dispute here.

Because the jurisdiction of the County Court at Law begins with the jurisdiction of the county court, our analysis must also begin there. The general provision for

jurisdiction of a county court, sometimes referred to as a constitutional county court, is section 26.042 of the Government Code. *See* TEX. GOV'T CODE ANN. § 26.042. That section provides jurisdiction over general civil and juvenile matters. *See id.*

More important, however, to our analysis are matters over which the constitutional county courts do not have jurisdiction. In that regard, section 26.043 of the Government Code sets out, "Civil Matters in Which County Court is Without Jurisdiction." *Id.* § 26.043. Specifically, section 26.043 provides that: "A county court does not have jurisdiction in . . . a suit for the recovery of land." *Id.* § 26.043(8). This provision has long been determined to prevent the county court from trying any case in which the title to land is at issue. *See Coughran v. Nunez*, 133 Tex. 303, 308-09, 127 S.W.2d 885, 888 (1939); *Stewart v. Rockdale State Bank*, 124 Tex. 431, 434-35, 79 S.W.2d 116, 117 (1935); *Bradley v. Love*, 60 Tex. 472, 476 (1883); *see also Benavides v. Benavides*, 174 S.W. 293, 294 (Tex. Civ. App.—San Antonio 1915, no writ).

To understand the county court's jurisdiction is important because it is referenced in section 25.0003(a) of the Government Code, which is the general jurisdiction statute for all county courts at law. Specifically, section 25.0003 of the Government Code provides, in relevant part:

(a) A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, *prescribed by law for county courts*.

(b) A statutory county court does not have jurisdiction over causes and proceedings concerning roads, bridges, and public highways and the

general administration of county business that is within the jurisdiction of the commissioners court of each county.

(c) In addition to other jurisdiction provided by law, a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in:

(1) civil cases in which the matter in controversy exceeds $500 but does not exceed $250,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition . . . .

*Id.* § 25.0003 (emphasis added).

But the Legislature may also grant more expansive or restrictive jurisdiction, as they did when creating the County Court at Law for Navarro County. Section 25.1772 of the Texas Government Code further expands the jurisdiction of the County Court at Law of Navarro County to include the following, among other things:

(a) In addition to the jurisdiction provided by Section 25.0003 and other law, and except as limited by Subsection (b), a county court at law in Navarro County has concurrent jurisdiction with the district court in:

. . .

(6) disputes ancillary to probate, eminent domain, condemnation, or landlord and tenant matters relating to the adjudication and determination of land title and trusts, whether testamentary, inter vivos, constructive, resulting, or any other class or type of trust, regardless of the amount in controversy or the remedy sought . . . .

*Id.* § 25.1772(a)(6). The Legislature also limited the court's jurisdiction over some matters. Section 25.1772 lists four types of cases that the Navarro County Court at Law does not have jurisdiction of: "(1) suits on behalf of this state to recover penalties or escheated

property; (2) felony cases involving capital murder; (3) misdemeanors involving official misconduct; or (4) contested elections." *Id.* § 27.1772(b). Moreover, section 26.275 of the Government Code states that: "The County Court of Navarro County has the general jurisdiction of a probate court, general criminal jurisdiction, and juvenile jurisdiction as provided by Section 26.042(b) *but has no other civil jurisdiction.*" *Id.* § 26.275 (emphasis added).

In the instant case, appellees sought: (1) to remove a cloud on title to the property in question; and (2) various declarations that the Authorization granting an easement was invalid and unenforceable. Based on appellee's allegations, it is clear that this suit involves a question of title to real property over which the County Court at Law of Navarro County does not have jurisdiction. This is because a plain reading of section 25.1772 of the Texas Government Code limits the County Court at Law of Navarro County's authority to adjudicate and determine land title to landlord and tenant matters, which are not at issue in this case. *See id.* § 25.1772(a)(6). Appellees do not cite, nor are we aware of, authority granting jurisdiction to the County Court at Law of Navarro County to adjudicate a title dispute or to quiet title in these circumstances. Therefore, even taking as true all evidence favorable to the non-movant and indulging every reasonable inference and resolving any doubts in the non-movant's favor, we conclude that the trial court erred by failing to dismiss appellees' suit for lack of jurisdiction. *See Miranda*, 133 S.W.3d at 228. Accordingly, we sustain Perryman's first issue.

CONCLUSION

Because we have sustained Perryman's first issue, which affords him the greatest relief, we need not address his remaining issues. *See* TEX. R. APP. P. 47.1, 47.4. Furthermore, having sustained Perryman's first issue, we reverse the trial court's order denying Perryman's motion to dismiss for lack of jurisdiction and the trial court's final judgment in favor of appellees and render a judgment of dismissal of the entire case for lack of subject-matter jurisdiction.

TOM GRAY<br>
Chief Justice

Before Chief Justice Gray,
     Justice Johnson,
     and Justice Davis[4]
Reversed and dismissed
Opinion delivered and filed December 22, 2021
[CV06]



---

[4] The Honorable Rex Davis, Senior Justice (Retired) of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.